LUCINDA A. COLLAMORE *vs.* ALEXANDER H. GILLIS.

Suffolk.    April 3, 1889. — September 4, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Landlord and Tenant — Trade Fixtures.*

A baker's oven, built of bricks and mortar and with an iron lining and door, so united with the building in which it was placed that the two were inseparable without the destruction of the oven and a substantial injury to the building, was *held* not to be a removable trade fixture.

TORT for the removal of an oven from a bakery belonging to the plaintiff. Trial in the Superior Court, without a jury, before *Lathrop*, J., who found for the defendant, and reported the case for the determination of this court, as follows.

The plaintiff made a lease of the bakery to one Webster for the term of nine years from July 1, 1881, the lease providing that " all future erections and additions to or upon " the demised

premises should be delivered up to the lessor at the termination of the lease. The defendant was the assignee from Webster of the lease, and occupied the premises from August 17, 1887, till January 19, 1888, and paid rent to the plaintiff. At the date of the lease the premises had for a long period been used as a bakery, and such use continued up to January 19, 1888. Besides two baker's ovens already in the basement, Webster in 1884 erected another in the basement in the following manner. There was an overhead chimney extending down several feet into the cellar from the floor above, built into and against the cellar wall. There was a portable furnace with a smoke pipe running into the flue of this chimney, which was removed by him. The cellar bottom was of brick with a covering of cement. Without removing the cellar floor, an oven was built upon it against the cellar wall. This oven consisted of eleven or twelve thousand bricks set in mortar to hold the same, and an iron interior and door. The brickwork was "tied in" to the cellar wall as follows : two slots, about two and a half feet long, six inches wide, and four inches deep, were cut into the cellar wall, and the masonry of the oven was built into said slots, so as to "tie" the oven to the cellar wall. About two feet and a half of the bottom of the overhead chimney was cut away, leaving the flue exposed, and the oven was built up thereto, so that the flue or smoke vent of the oven became continuous with the flue of the chimney, and each alternate layer or course of the brick of the oven was lapped into the brick of the chimney, so as to make the chimney and oven continuous. A trench, about one foot deep and several feet wide and long, was dug in front of the oven doors. The sides of the trench were banked up with brick to hold the earth back, and the bottom of the trench was concreted. This trench was used to enable the stoker to remove ashes, and it was necessary to the convenient use of the oven.

In December, 1887, during the term of the lease, this oven being then out of repair, the defendant, who had purchased the oven, sold it, and authorized the purchaser to remove it. The purchaser did remove it, and in so doing left the holes or slots in the cellar wall open, and left the chimney about two and a half feet shorter than it was originally, and the chimney flue open at the bottom. The draught of the chimney in the rooms

above was thus impaired. The oven was not and could not have been removed intact, but the masonry of which it was composed was knocked down, and the bricks were taken away.

The judge found the value of the oven to the building to be one hundred dollars, aside from a damage of ten dollars to the building from the removal; and that the oven was a trade fixture; and ruled that the plaintiff could not recover for the removal. If, as matter of law, the oven was not a trade fixture, and the plaintiff can recover for the removal of the oven, judgment was to be entered in her favor for one hundred dollars; otherwise, judgment for the defendant.

The case was submitted on briefs to all the judges.

*S. J. Elder & F. A. P. Fiske,* for the plaintiff.

*I. R. Clark & F. Ranney,* for the defendant. The oven was put in and taken out during the term of the lease, and was obviously designed for the purposes of trade. *Van Ness* v. *Pacard,* 2 Pet. 137. It had no foundation of its own, but was placed on the cellar bottom. One side only was slightly fastened to the cellar wall by being " tied in " in two slots, and this did not necessarily destroy its character as a trade fixture. *Gaffield* v. *Hapgood,* 17 Pick. 192. *Bliss* v. *Whitney,* 9 Allen, 114. *Hanrahan* v. *O'Reilly,* 102 Mass. 201. *Guthrie* v. *Jones,* 108 Mass. 191, 195. *Brown* v. *Wallis,* 115 Mass. 156. *Hill* v. *Sewald,* 53 Penn. St. 271. *Conrad* v. *Saginaw Mining Co.* 54 Mich. 249. An article does not necessarily cease to be a trade fixture because in order to be removed it must be taken in pieces. *Wall* v. *Hinds,* 4 Gray, 256. *Antoni* v. *Belknap,* 102 Mass. 193. *Watriss* v. *Cambridge National Bank,* 124 Mass. 571, 575. *Ex parte Bentley,* 2 M., D. & DeG. 591. *Moore* v. *Wood,* 12 Abb. Pr. 393. *Dostal* v. *McCaddon,* 35 Iowa, 318. *Davis* v. *Moss,* 38 Penn. St. 346. *Penton* v. *Robart,* 2 East, 88.

Nothing contained in bricks set in mortar can practically be removed intact. The brickwork must be knocked in pieces, but, after removal, the bricks may be again used. In this case, the oven had an iron interior and doors, which are not found by the report to have been removed otherwise than intact, and by resetting these in the bricks the essential character and value of the article could be preserved. The removal of the oven caused no injury to the estate, other than impairing the draught of the

chimney, and this cannot necessarily be said to be material. The other damage was committed by Webster, and not by the defendant. The covenant in the lease to yield up in good order "all future erections and additions" to or upon the premises, does not deprive the tenant of the right to remove trade fixtures put in during the term. *Holbrook* v. *Chamberlain*, 116 Mass. 155, 162.

C. ALLEN, J. In determining whether an addition made by a tenant to a leased building is removable or not by him during his term, the chief element to be considered is the mode of its annexation, and whether it can be removed without substantial injury to the building or to itself. The intention with which it was put there, though often an element to be considered, is of secondary importance. *Wall* v. *Hinds*, 4 Gray, 256, 270. *Whiting* v. *Brastow*, 4 Pick. 310. *Hanrahan* v. *O'Reilly*, 102 Mass. 201, 203. *Weston* v. *Weston*, 102 Mass. 514, 519. Amos & Ferard on Fixtures, (3d ed.) 7, 65. It is true that machines or structures which cannot be severed without taking them in pieces may nevertheless often be removed. *Antoni* v. *Belknap*, 102 Mass. 193. In *Penton* v. *Robart*, 2 East, 88, which is sometimes cited as supporting a broader doctrine, all that was removed by the tenant was a superstructure of wood, which had been brought from another place and put upon a brick foundation let into the ground. He pulled down the wooden superstructure and carried away the materials, but did not undertake to remove the brick foundation, which perhaps was not placed there by him. The case of *Van Ness* v. *Pacard*, 2 Pet. 137, goes further; but the more recent case of *Kutter* v. *Smith*, 2 Wall. 491, 497, appears to recognize a narrower rule, though without any extended discussion of the question. *Hill* v. *Sewald*, 53 Penn. St. 271, follows *Van Ness* v. *Pacard*, and *White's appeal*, 10 Penn. St. 252, is similar. We are not inclined to extend the right of removal so far as to include a thing which cannot be severed from the realty without being destroyed, or reduced to a mere mass of crude materials.

In the case before us, the oven was not like a machine or a structure, the parts of which are fitted to each other and can be taken apart and put together again at pleasure in some other place. It had, so to speak, no removable identity, but when

taken down it necessarily lost its character as an oven, and, with the exception of the iron lining and door, became mere bricks and mortar. When built, it was in the nature of a fixed and permanent structure, which was so united with the building that the two became inseparable without the destruction of the one, and a substantial injury to the other. Under such circumstances, we think the better reason is in favor of holding that the oven was not removable, and this view is more in accordance with the cases which have heretofore arisen in this Commonwealth. This result is also strongly supported by the decision in *Whitehead* v. *Bennett*, 27 L. J. Ch. 474. The authority of this case, it is said in Amos & Ferard on Fixtures, (3d ed.) 63, has never been impugned in England, and it was cited with approval and commendation by Lord Chancellor Selborne, in *Wake* v. *Hall*, 7 Q. B. D. 295, 301. See also *Sunderland* v. *Newton*, 3 Sim. 450; *Jenkins* v. *Gething*, 2 Johns. & Hem. 520; *Ombony* v. *Jones*, 19 N. Y. 234; *Ford* v. *Cobb*, 20 N. Y. 344.

The result, in the opinion of a majority of the court, is, that according to the terms of the report there must be judgment for the plaintiff for one hundred dollars.

*Judgment for the plaintiff.*