## TOLLE v. VANDENBERG.

No. 4073.   Opinion Filed January 30, 1915.

(146 Pac. 212.)

**FIXTURES—What Constitutes—"Affixed to Land"—Sufficiency of Evidence.** A thing is deemed to be affixed to land when it is attached to it by roots as in the case of trees, vines, or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it as in the case of buildings, or permanently attached to what is thus permanent, as by the means of cement, plaster, nails, bolts, or screws.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Noble County;*

*L. B. Robinson, Judge.*

Action by M. M. Vandenberg against W. Tolle. Judgment for plaintiff, and defendant brings error. Affirmed.

*P. W. Cress,* for plaintiff in error.

*Chas. R. Bostick,* for defendant in error.

Opinion by RITTENHOUSE, C. J. C. Wadsworth was the owner of lot 6 in block 20, Bliss, Okla., and together with his wife, Edna V. Wadsworth, transferred the title thereto by warranty deed to C. W. Tolle on February 9, 1911, for a consideration of $1,400. Prior to the sale there was placed on said lot by M. M. Vandenberg one round galvanized iron portable grain bin, ten feet in diameter and eight feet high, with metal top. This action was instituted by Vandenberg, alleging that he was the owner and entitled to the immediate possession thereof, and that he had placed the bin on said lot for his temporary use; that it was not permanently attached to the real estate, but was resting on loose brick and sand, and that, at the time he placed the bin on said property, it was agreed between the plaintiff and the then owner of said lot, J. C. Wadsworth, that the bin should be used temporarily and removed from said lot at

the will of the plaintiff, and alleging further that this agreement was made known to defendant prior to the time he purchased said lot. The cause was submitted to the court without a jury, and the sourt found that the bin was not permanently attached to the realty; that the right of possession of the bin in question was in the plaintiff, M. M. Vandenberg, and ordered that the plaintiff have such possession, together with cost of suit. It is to reverse this judgment that the cause is brought to this court.

The evidence offered by the plaintiff amply supports the allegations of his petition. Defendant asks for a reversal of this cause on the ground that the bin had become attached to the realty, and thereby became a part thereof. In support of this contention he cites section 7208, Comp. Laws 1909 (section 6592, Rev. Laws 1910):

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

Does the evidence bring the case within this section? We think not. The evidence is that the bin was resting upon a foundation constructed of two rows of brick, with the center filled with bats, whole brick and sand, built up level with the outer wall. The nature of the bin in question is described as a portable bin, indicating clearly that it was such a bin as could be easily removed at the will of the owner, being portable in its nature. There was no evidence that it was fastened to the foundation by means of cement, plaster, nails, bolts, or screws, and therefore said section is not applicable to the facts in this case. The bin was held in position on the foundation merely by its weight, and the general rule is that personalty which is not attached to realty, as by cement, plaster, nails, bolts, or screws, is *prima facie* personalty. *Western Nat. Bank v. Gerson,* 27 Okla. 280, 117 Pac. 205.

Tolle v. Vandenberg.

In 19 Cyc. 1036, the general rule seems to be that:

"* * * Articles not otherwise attached to realty than by their own weight are *prima facie* personalty, and articles af-, fixed to land in fact, although only slightly, are *prima facie* realty, and that the burden of proof is on the one contending that the former is realty or that the latter is personalty. * * *"

The court found that the bin in question was personalty, and, from an eaxmination of the evidence, we think the finding of the court is correct.

There was evidence introduced to the effect that the bin was owned by the plaintiff; that it was placed on the land in question for the purpose of storing oats owned by him; and that it was used entirely for his benefit. It was undoubtedly not the intention of Vandenberg that the bin become a part of the realty, as he was the owner of the bin and not the owner of the premises on which he had temporarily placed it. Where the intention is that the personal property shall not become a part of the real estate, it will be so considered. *Lawton P. B. & Tile Co. v. Ross-Keller T. P. B. Mach. Co. et al.,* 33 Okla. 59, 124 Pac. 43, 49 L. R. A. (N. S.) 395.

The facts relative to the character of the property and the intention of the parties were controverted questions of fact submitted to the trial court, and upon which the court found in favor of plaintiff, and which finding on such questions is binding upon this court.

The remaining assignment of error deals with the admissibility of testimony of the grantors relative to notice given to the grantee prior to the transfer of the premises as to the ownership of the bin in question; but inasmuch as the court held the character of the property to be that of personalty, and that it was not attached to the real estate, it is immaterial whether the grantee did or did not have notice that the personal property belonged to the plaintiff.

The cause should, therefore, be affirmed.

By the Court: It is so ordered.