## HOLMES et al. v. NEILL.

No. 12519—Opinion Filed Jan. 15. 1924.

(Syllabus.)

**1. Fixtures — Effect of Deed to Transfer Title.**

Ordinarily, all items of property attached to real estate are, under and by reason of the statutes, a part of the realty, and pass as a part thereof to the grantee in a deed of conveyance.

**2. Same—Broom Corn Slats as Personalty.**

Record in the instant case examined, and held: (1) That the property in question was personal; (2) that the deed to the land on which it was located did not pass the title thereto, and the judgment of the trial court in favor of the plaintiff should be affirmed.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Blanton, Osborn & Curtis, for plaintiffs in error.

Cicero I. Murray, for defendant in error.

Action by J. O. Neill against J. H. Holmes and I. C. Van Bibber. Judgment for plaintiff, and defendants bring error. Affirmed.

BRANSON, J. This action is in replevin. The plaintiff, J. O. Neill, prevailed in the district court of Garvin county as against the defendants J. H. Holmes and I. C. Van Bibber. The losing defendants are the plaintiffs in error, and the prevailing plaintiff is the defendant in error. The parties will be referred to as they appeared in the court below.

The plaintiff sought by the replevin action to recover from the defendants approximately 3,000 broom corn slats, of the alleged value of $300, on the ground that he was the owner thereof, and entitled to the immediate possession at the time of filing the suit, the 30th day of August, 1920, and that the defendants wrongfully withheld possession thereof from him. The judgment of the district court of Garvin county was in favor of plaintiff for the delivery of the property, or its value, in the sum of $250.

The cause was tried to the court, both parties having waived a jury, and, on overruling the motion for new trial, the defendants appeal. In brief, the facts out of which the controversy arises are these:

In 1919, the plaintiff sold a certain farm, on which the broom corn slats were located, to Shi & Farris. The plaintiff surrendered possession of the premises about the 4th of January, 1920, and the purchasers placed in actual possession of the farm so purchased from the plaintiff, the defendant J. H. Holmes, as their tenant. At the time of moving from the farm, the evidence discloses that the muddy condition of the roads was such that it was impracticable for the plaintiff to move the broom corn slats. They were left in a certain shed, piled on the ground, and were the personal property of the plaintiff, and that when he returned to get the slats, the right to move the same was denied by the defendant Holmes, whereupon the instant suit was brought.

It appears that the property in controversy designated as "broom corn slats" was certain short pieces of boards sawed according to certain dimensions and sizes, and used in connection with curing broom corn after it is cut or harvested. That the firm in question was located in the broom corn section, in the northwest portion of Garvin county, Okla. The plaintiff contended that his warranty deed, under which the land was conveyed to Shi & Farris, and the contract made in connection with said sale, dated October 20, 1919, did in no wise convey any personal property located upon the premises, but that the plaintiff had a right to move all the personal property located thereon, of which he was the owner, from the premises. On the contrary, the defendants contend that the said contract and the deed carried all improvements located on the property, and that the broom corn slats were an indispensable part of the broom corn shed located and situated as one of the permanent improvements on the real estate in question.

The evidence in the case developed that the larger portion of the slats had been loaned prior thereto, and had theretofore been in use on a farm some distance from the farm in question. The defendants further contend that the so-called slats in question were cut certain dimensions, for the purpose of fitting the particular shed located on the premises as one of the improvements thereon, and that they were a necessary and indispensable part of said shed, and it was the intention of the parties that all such improvements were to be conveyed in the sale of the land. This was

an issue of fact raised, and the findings were against the defendants.

It is not disputed by the defendants that the property in question was in no wise attached to the realty, other than it was piled down upon the ground, in a certain shed, known on the premises as the "broom corn shed."

While there are several assignments of error, the only question needing to be determined in this case is whether or not the property sought to be recovered is personal or real estate. Whether or not it was attached to the real property, so as to make it a part thereof, and pass to the purchasers in conveying the real estate, was a question of fact raised by the issues, and tried by the trial court. There was no demurrer to the plaintiff's evidence on the issues joined, and the sufficiency of the evidence to sustain the finding of the trial court, which was general in favor of the plaintiff, is not now here for review. Whether or not the property in question was of the nature of real estate or personal property is determined in this jurisdiction by the unambiguous statutes on the subject.

Section 8394, Comp. Stat. of the state of Okla. 1921, is as follows:

"Property Classified. Property is either:

"First. Real or immovable, or,

"Second. Personal or movable."

Section 8395, Comp. Stat. 1921:

"Real Property Defined. Real or immovable property consists of:

"First. Land.

"Second. That which is affixed to the land.

"Third. That which is incidental or appurtenant to land.

"Fourth. That which is immovable by law."

Section 8397, Comp. Stat. 1921:

"Fixtures Defined. A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs or imbedded in it as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

Section 8399:

"Personal Property Defined. Every kind of property that is not real is personal."

We think that the construction placed upon these statutes by this court clearly warranted the trial court in his finding that the property in question was personal prop-

erty, and therefore subject to be recovered in the action by the plaintiff. Tolle v. Vandenburg, 44 Okla. 780, 146 Pac. 212; Western Nat. Bank v. Gerson, 27 Okla. 280, 117 Pac. 205; Etchen v. Ferguson, 59 Okla. 280. 159 Pac. 306.

The issue of fact, having been so determined adversely to defendants, and the sufficiency of the evidence to warrant such finding not being presented to the court, we think it must follow that the judgment of the trial court in favor of the plaintiff should be affirmed. Lawton Pressed Brick & Tile Co. v. Ross Kellar Triple Pressure Brick Co., 33 Okla. 59, 124 Pac. 43.

The defendant in error, in compliance with the rule of this court, in his brief asked that if the judgment of the trial court is affirmed, judgment on the supersedeas bond as against the defendants, A. H. Shi and Thomas L. Farris, be entered thereon in this court. It is, therefore, the judgment and order of this court that, the judgment of the trial court being in all things affirmed, a judgment be entered as against the defendants and the sureties on the supersedeas bond for the return of the property, damages for detention thereof, and in event return cannot be made, for its value as found by the trial court.

JOHNSON, C. J., and KANE, KENNAMER, and HARRISON, JJ., concur.