**HINKLE v. BASS FURN. & CARPET CO.**

No. 16418—Opinion Filed April 20, 1926.

**1. Fixtures—Affixing Property to Building Without Agreement for Removal.**

Where a person affixes his property to the building of another, without any agreement permitting him to remove it, the thing affixed belongs to the owner of the building unless he chooses to require or permit the former to remove it.

**2. Same—Show Windows and Shelving Put in Store Building by Tenant.**

In this case the plaintiff rented a large store building to the defendant, who, without permission or consent of the owner, built show windows, decks, and shelving in the store building, and attached them to the building with spikes, nails, bolts, and screws, and occupied it for about nine years, and attempted to remove these things out when he vacated the building. Held, that those things placed in there by the tenant in the manner in which they were placed became a part of the building, and were not subject to removal, and that an injunction would lie to prevent their removal.

**3. Same.**

Alterations made by a lessee of a building to adapt it to his convenience, who attached them to the building with nails, spikes, bolts, and screws, made them permanent fixtures and not removable as trade fixtures on termination of the lease.

**4. Same—Injunction Against Removal of Fixtures.**

Record in this case examined, and held, that defendant had no right to remove the fixtures placed in the building by him, and that an injunction would lie to prevent him from removing them.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Asa Walden, Judge.

Action by J. H. Hinkle to enjoin Bass Furniture & Carpet Company from removing certain fixtures from a store building belonging to the plaintiff. Judgment for defendant, and plaintiff appeals. Reversed.

Ledbetter & Ledbetter, for plaintiff in error.

Wilson, Tomerlin & Chandler and Hodge & Schenk, for defendant in error.

Opinion by MAXEY, C. The defendant, Bass Furniture & Carpet Company, had been occupying a store building belonging to the plaintiff for eight or nine years, under a written contract. At the time the defendant moved into the store building, there were shelving and offices, and the contract provided that the building should be left in as good condition as it then was, wear and tear excepted. The defendant moved into the building and put in some additional shelving and rooms, in order to display their goods and wares. They also tore out the offices that were in said building and moved them to another part of the building, and made various changes in the interior of the building. Their time was up the 31st day of December, 1924, but they continued in possession of said building after the expiration of the contract, as tenants from month to month, until the 1st of May, 1925; and just before the 1st of May, the plaintiff learned that the defendant was contemplating moving the shelving and other fixtures that it had put in the building out of the building. The plaintiff had rented the building to another tenant, commencing the 1st of May, 1925, and he was to have it just as it was then, including the shelving and other changes made in the building by the defendant, Bass Furniture & Carpet Company; and the plaintiff commenced this proceeding to enjoin Bass Furniture & Carpet Company from moving that shelving and other changes made in the building out, and a temporary restraining order was issued to enjoin the defendant from moving the same out of the building.

The case was set down for hearing on the application for a permanent injunction. At this hearing by agreement of the parties, the whole case was heard, and the court dissolved the temporary restraining order and refused to make the injunction permanent. The plaintiff prayed an appeal, and asked that a bond be fixed that he could give to continue the temporary restraining order, or to keep the store building just as it was with the goods moved out. The court denied the plaintiff a right to supersede the judgment dissolving the restraining order, but the parties agreed that the shelving, etc., should not be moved out until this case was finally passed on by the Supreme Court.

It was the contention in the court below, of the plaintiff, that the shelving, rooms, and tubing, put in the store by the defendant, were nailed to and fastened to the walls of the main building, and that they had become a part of the building, and were real estate and not subject to removal. It was the contention of the defendant below that the shelving and rooms placed in the building by the defendant were merely temporary, and that it was entitled to remove them; that the shelving and rooms that were built in there by the defendant were spiked to

the walls and to the floor, and could not be removed without defacing the walls and floors and ceiling. The witnesses differed as to the damages this would do to the building, but all agreed that it would damage the building to some extent.

The case turns largely on the provisions of the statute, and we will quote the sections that we think applicable to the case. Section 8394, Compiled Stat. 1921, defines what is real and what is personal or movable property:

"Property is either: First, real or immovable; or, second, personal or movable."

Section 8396, Compiled Stat. of 1921, is as follows:

"Land is the solid material of the earth, whatever may be the ingredients of which it is composed, whether soil, rock, or other substance."

And section 8397 is as follows:

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

And section 8399, Compiled Stat. of 1921, is:

"Every kind of property that is not real is personal."

And section 8555, Compiled Stat. of 1921, is:

"When a person affixes his property to the land of another without any agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require or permit the former to remove it: Provided, a tenant may remove from the demised premises at any time during the continuance of his term anything affixed thereto for purpose of trade, manufacture, ornament, or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

Now it seems to us, from the foregoing provisions of the statute, that the putting of these shelves and rooms and other changes in said building, in the manner that they were put in, makes them a part of the building, and not subject to removal. The building is a brick building, plastered on the inside, and these shelves and rooms and other conveniences placed in the building, or resting upon the walls or the floors and fastened with nails, screws, and bolts, we think are permanently attached to the building. This court had occasion to construe a somewhat similar case to the instant one, in the case of Western National Bank v. Gerson, 27 Okla. 280, 117 Pac. 205, and the court in the course of the opinion said:

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

And in the case of Etchen v. Ferguson, 59 Okla. 280, 158 Pac. 306, the court in the second and third paragraphs of the syllabus said:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land.

"A thing is to be deemed affixed to land when it is 'permanently attached to what is thus permanent as by means of cement, plaster, nails, bolts, or screws.' "

This rule is supported by the case of Tolle v. Vandenberg, 44 Okla. 780, 146 Pac. 212; Holmes et al. v. Neill, 96 Okla. 295, 222 Pac. 670; Felcher v. McMillan (Mich.) 61 N. W. 791; In re City of New York, 92 N. Y. Supp. 8; Excelsior Brewing Co. v. Smith, 110 N. Y. Supp. 8; Collamore v. Gillis, 149 Mass. 578, 22 N. E. 46; Chase v. New York Insulated Wire Co., 57 Ill. App. 205, and numerous other decisions from other states adhere to the same rule laid down by this court.

The defendant contends that this shelving and rooms, etc., put in the building by it, were trade fixtures and for that reason removable. This question is well considered in the case of Field v. Morris (Ark.) 129 S. W. 543. It is contended by the defendant below, and evidently its contention was followed by the court, that an injunction will not lie to prevent outgoing tenants from moving fixtures or improvements which belong to the owner of the real estate.

Corpus Juris lays down the rule as follows, vol. 26, p. 736:

"An injunction may issue to stay the removal of a fixture where the right to or the nature of the article is in dispute, and the injury will be serious. An injunction may also issue to protect one claiming as personalty articles actually attached to the land."

Taylor v. Collins (Wis.) 8 N. W. 22; Marcus v. Rosner et al., 197 N. Y. S. 503; Armour & Co. v. Block (Ga. App.) 87 S. E. 18, hold that an injunction is the proper remedy to

prevent removal of such articles from the building.

On the whole case, we are constrained to hold that the shelving and rooms put into the building became a part of the building, and therefore realty and not subject to removal. We also hold that the temporary restraining order was properly issued, and that the injunction should have been made permanent, under the testimony in this case. The judgment of the trial court is therefore reversed, and the case remanded, with directions to the trial court to set aside the judgment heretofore rendered, and enter an order making the temporary restraining order permanent.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 672, § 29; 11 R. C. L. p. 1070; 2 R. C. L. Supp. p. 1356; 4 R. C. L. Supp. p. 732. (2) 26 C. J. p. 696 § 81; p. 736 § 130; Anno. 43 L. R. A. (N. S.) 675; 11 R. C. L. p. 1076. (3) 26 C. J. p. 705 § 91. (4) 26 C. J. p. 705 § 91; p. 736 § 130; anno. L. R. A. 1915E, 831; 11 R. C. L. p. 1091; 2 R. C. L. Supp. p. 1360; 4 R. C. L. Supp. 733.