## EAST OHIO BUILDING & LOAN CO v HOLLAND FURNACE CO

Ohio Appeals, 5th Dist, Tuscarawas Co

No 433. Decided April 27, 1934

G. W. Reed, Uhrichsville, for plaintiff in error.

Wilkin, Fisher, Limbach, New Philadelphia, and R. J. Baker, for defendants in error.

## OPINION

By LEMERT, J.

From a careful examination of the agreed statement of facts submitted in this case, we have to say that, the one and only question involved herein is whether or not at the time stipulated and complained of the furnace in question was real estate or personal property.

Exhaustive briefs have been furnished the court by counsel which we believe are determinative of the question involved and that this question has been so well and frequently decided by the courts of Ohio and other jurisdictions that we need not to grope in the dark for a proper decision in this case.

We are of the opinion, first, that when an article is so annexed to a building that it can be detached without material damage to the building, the intention of the annexor ordinarily determines whether the article becomes a fixture.

The furnace in question in this case was of iron and galvanized sheeting construction and was set up in the basement of the dwelling. Because of its size and weight it was brought to said premises piecemeal, set up in the basement as aforesaid and was dismantled piecemeal, and at the time of its subsequent removal it was not fastened to the floor in the basement

but was held in place by its own weight.

Registers, boxing and ducts were first installed in said dwelling after which the furnace was set up and connected to said boxes and ducts in the basement with hot and cold air pipes and galvanized sheeting covered with asbestos. Said connections were made with screws and collars and could be detached.

The furnace in question in this case was connected in such a manner that it could be detached without damage to the building. The intention of the parties when it was installed becomes the controlling factor as to whether or not it was a fixture. That intention, as stated in the sales contract, was that the furnace shall remain personal property until paid for with the right of removal in case of default in payments.

The great weight of modern authorities upholds such a contract as against a prior secured creditor; particularly when he advanced nothing on the faith of the annexation and the chattel annexed may be detached without impairing the creditor's original security.

At the time the plaintiff in this action took their mortgage upon the real estate, the furnace was not in the house and they never at any time had any mortgage or other lien upon the furnace.

Under the agreed statement of facts, the evidence affords no reason, legal or equitable, why the property of the defendant should be awarded the plaintiff.

We believe it to be a well settled principle of law that personal property annexed to realty still retains its character as such, if the parties so intend in annexing it, unless it has become so absorbed or merged into the realty that its identity as personalty is lost, or where it cannot be removed without practically destroying it.

In the sale of personal property that is to be affixed to realty the contracting parties at the time of the sale have the power, as between themselves at least, to affix the status of such property and to say whether when affixed to the realty it shall remain personal property or become a part of such realty.

"When the ownership of land is in one person and the ownership of the thing affixed to it in another, and in its nature is capable of severance without injury to the former, the latter cannot in contemplation of law become a part of the former, but must necessarily remain distinct property to be used and dealt with a personal estate only:"

"And in determining whether such property remains personal property or is a fixture, the intention of the party making annexation is held by some to be the controlling consideration and generally it is held to be the chief test."

11 R.C.L., 1062.

A very well considered Michigan case, 57 L.R.A. 632, holds:

"That heating apparatus bought under contract reserving title in the seller, and permanently placed in the building by himself and his wife, the same does not become a fixture so as to prevent its removal for non-payment of the purchase money, since there is no unity of title in it and the real estate."

In §133-A of the 5th Edition of Jones on Chattel Mortgages, it is held:

"One already holding a mortgage of the realty has no equitable claim to chattels annexed to it. He has parted with nothing on the faith of such chattels. Therefore, the title of a conditional vendor of such chattels, or of the mortgagee of them before or at the time they were attached to the realty, is just as good against the mortgagee of the realty as it is against the mortgagor."

"The rule that as to prior mortgages, where annexations were made to the realty, to which the mortgagor and owner never acquires title and which may be removed without material injury to the realty, do not become part of the realty, and may be removed by the one owning them is well settled."

26th C. J., 684, §49.

"The same rule applies as to property annexed under chattel mortgage or a conditional sales contract."

79 NW, 1028-1064.

As to whether the holder of a chattel mortgage on an article annexed to the freehold is entitled to such article as against the owner of the real estate or the holder of a mortgage or other liens thereof, has been answered in favor of the holder of the chattel mortgage by many courts. We cite a few:

Edwards & Bradford Lumber Co. v Bank, 57 Neb., 232; 77 NW, 765.

Ames v Trenton Brewing Company, 56 N. J., 309; 38 Atlantic, 858.

Sisson v Hubbard, 75 N. Y., 542.

Manaring v Jenison, 61 Michigan, 117.

Sword v Lowe, 122 Ill., 487.

Hewitt v General Electric Co., 164th Ill., 420.

Belvin v Riley Paper Co., 123 N. C., 138.

If the contention of the plaintiff in error in this case is to be upheld, then the rights of the mortgagee under the chattel mortgage or conditional sales contract will amount to absolutely nothing.

A great percent of the homes of this state and country, if not a majority, are furnished under such an optional contract as is involved in this case. The seller puts the purchaser in possession, the purchaser desires more conveniences, the installation of a furnace being desired, this he is enabled to do by purchasing under a contract such as the one in this case, otherwise such improvements oft times could not be made. A furnace company could not be expected to extend such credit if plaintiffs in error's contentions are upheld.

Reckless installment buying should not be encouraged, but the making of homes comfortable and convenient by the installation of modern conveniences should be looked upon with favor and the vendor who makes such a convenience possible should be protected and not made to suffer loss.

It is a matter of common knowledge and the courts will take judicial notice of the fact that the proper workmanlike installation of registers, boxing, hot and cold air pipes installed in a house does not in any manner injure it but is a benefit and a permanent enhancement on the value.

No claim is made in this case of faulty or unworkmanlike installation, no damage to the buildings is claimed. Defendant in error made no claim for the parts installed in the floor or walls of the building; defendant in error removed only the furnace and the pipes in the basement as provided for by the contract.

Plaintiffs in error took their mortgage before the furnace was installed; they laid or paid out nothing in its acquisition; no unlawful act was done by the defendant in error; it was given the right to do so under the terms of the contract to remove the furnace in default of payments.

Plaintiff in error suffered no loss, detriment or injury either to their person, property or rights. It is an attempt to recover damages for the loss of something which costs them nothing and to which they never had any right, title or interest. No loss or damages to the building being alleged or claimed.

Under the pleadings and agreed statement of facts in this case and the great weight of authorities, the judgment of the trial court should be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.