**NOVAK et v JICHA et**

Ohio Common Pleas, Cuyahoga Co

No 421604.   Decided March 12, 1935

Bloomberg & Wolf, Cleveland, for plaintiff.

Joseph Artl, Cleveland, and Steuer, Briggs & Siegel, Cleveland, for defendant.

By JOY SETH HURD, J.

This is an action for injunction and equitable relief. The plaintiffs filed their petition in this court praying that the defendants, Louis Jicha, Anna Jicha, Charles Pavlik, Christina Pavlik, and John M. Sulzmann of Cuyahoga County, be properly enjoined from tearing down and removing an oven commonly known as a Peterson Oven located in a two-story brick building containing a store room and bakery workshop and garage on the first floor and a suite of living rooms on the second floor of the said building, occupying premises known as the southeast corner of Union Avenue and East 108th Street, Cleveland, Ohio. The facts are briefly as follows:

### FACTS

The plaintiffs Charles Novak and Anna Novak were the owners of the premises above described, and in the year 1920 erected the building above described. The building was constructed by the said plaintiffs for the purpose of conducting a bakery store and a bakery shop and in connection with the bakery shop in the rear of the store they caused to be erected a baker's oven. The plaintiffs upon completion of the building occupied the premises and used the same as a bakery shop and bakery oven for a period of approximately eight years, at which time they sold the real estate, including fixtures and equipment in the bakery to the defendants Louis and Anna Jicha, and at the same time the defendants Louis and Anna Jicha executed a note secured by first mortgage on the real estate referred to, to the defendant the Union Trust Company, and as a part of the purchase price for the property executed and delivered a second mortgage on

said premises to the plaintiffs Charles and Anna Novak.

After the purchase by the defendants Jichas they continued to use the property for a bakery. In 1934 foreclosure proceedings were instituted by the plaintiffs Novaks on their note and mortgage, and the defendant the Union Trust Company, being a party defendant to said proceedings, filed its answer and a cross-petition. As a result of these proceedings a decree was ordered in favor of the plaintiffs and the cross-petitioner the Union Trust Company, and the premises were sold by the Sheriff to one Albert C. Krug first deputy Superintendent of Banks of Ohio as acting Superintendent of Banks in the state of Ohio in charge of the Liquidation of the Union Trust Company. The said Albert C. Krug has since been succeeded by S. H. Squire, who is now the Superintendent of Banks of the State of Ohio, and the said S. H. Squire in his representative capacity now holds the legal and equitable title to the premises subject to the rights of the plaintiffs Charles and Anna Novak under a written contract of repurchase which was introduced in evidence in the proceedings.

Subsequent to these proceedings the defendants Charles and Christina Pavlik took a judgment on a cognovit note executed by the defendants Jicha and caused a levy to be made against the machinery and equipment in said bakery and also against the Petersen Oven hereinbefore referred to. This action was brought to restrain the Sheriff from removing the aforesaid Petersen Oven from the premises; upon application a temporary restraining order was issued and the cause comes before this court for final adjudication as to whether or not a permanent restraining order shall issue.

## QUESTION

The question presented for the decision of the court is whether or not the bakery oven is a fixture within the legal meaning of the term "fixture" as accepted in Ohio. If the article in question is a fixture, then the injunction against its removal should be granted. A search of the Ohio authorities reveals that there has not been a case in Ohio involving this particular type or kind of fixture, so that the decision in this case may be determinative of the law of Ohio, on this particular subject in relation to the law of fixtures.

## DISCUSSION

"It has always been a difficult problem to define fixtures, and the result of years of definitions and experience is that, in substance, what is or is not a fixture is to be determined by the circumstances of each particular case." **19 O. Jur., 88.**

The leading case in America is an Ohio case, namely, **Teaff v Hewitt, 1 Oh St, 511;** 59 Am. Dec. 634. In Teaff v Hewitt, the court defines a fixture as—

"an article which was a chattel, but which, by reason of being affixed to the realty, became accessory to it and parcel of it."

Chief Justice Bartley in that case formulated and developed three general tests to be applied in determining the status of any chattel affixed to realty in any particular case. These tests are as follows:

1. Actual annexation to the realty or to something pertinent thereto.
2. Adaptation to the use or purpose of that part of the realty with which it is connected.
3. The intention of the party making the annexation to make a permanent accession to the freehold.

This court in deciding the instant case has accepted these tests as controlling:

Considering the facts in the light of the three tests above mentioned we find, first there is:—

## ACTUAL ANNEXATION TO THE REALTY

The court finds as a fact that the oven in question is not portable but fixed. Its dimensions are approximately 14 feet in width, 16 feet in length and about 8 feet high. It is constructed upon a solid concrete foundation approximately 14 feet in width by 16 feet in length and 3 feet in depth, with ¾ inch iron meshed at 6 inch distances. This foundation is a solid mass of concrete underlying the entire area of the oven. It is clear from the evidence that a form was made of wood planks on three sides of this foundation—there is some question with respect to the fourth wall, as to whether it forms part of the foundation of the east wall of the building or leans against it, but in any event the evidence before the court is that this entire

mass of solid concrete foundation is approximately 100 tons in weight, that the oven was constructed on this foundation, brick by brick, with mortar and cement until with all accessories necessary to its completion the oven approximates a weight of an additional 100 tons making the weight of the total unit, foundation and oven together, of approximately 200 tons. The evidence clearly shows that there are three separate walls with air chambers in between surrounding the baking chamber of the oven on all four sides. The evidence shows conclusively that the only practical way in which to remove this oven would be to tear it down brick by brick and piece by piece, and thus to remove it from the foundation aforesaid, and in the event of its contemplated use elsewhere to transport this mass of material (leaving considerable waste material which would not be usable elsewhere) to some other location, leaving the foundation in its original construction.

In applying this first test, therefore, namely annexation to realty the court finds that the oven in question is permanently annexed to the realty and therefore acceptance of this test leads to the conclusion that the article in question is a fixture within the legal contemplation of the term, so far as this test is concerned.

Considering next the second test above mentioned, namely,—

ADAPTATION TO USE OR PURPOSE OF THAT PART OF THE REALTY WITH WHICH IT IS CONNECTED,

we find the following:

The oven in question is built within a bakery shop which was constructed at the time that the building in which it is located was constructed in the year 1920; that the original owner of the premises and the builder of the two-story brick building had the building so constructed that it contained a bakery shop in which the oven is located in the rear of a suite of living rooms and that the said living rooms were placed in the rear of a store fronting on Union Avenue so that the retail store, the living rooms and the bakery shop formed a unit for the purpose of the baking and sale of their goods by those occupying the living rooms between.

It is clear from the evidence that the original builder occupied the premises for a period of approximately 8 years operating the baking shop, using the oven in question for that purpose, and conducting the store in front for the purpose of the sale of the goods. The evidence shows that thereafter he sold the building including the shop, store and living rooms, together with the other appurtenances to the defendants Jicha who continued thereafter to carry on the business under precisely the same conditions for an additional period of approximately six years up to the time that the premises in question were sold through the foreclosure proceedings to which reference has heretofore been made.

Considering the evidence in the light of these facts we find not merely a theoretical adaptation to use and purpose for which the premises, including the oven in question, were constructed, but we find an actual use thereof both by the plaintiffs and defendants for a total period exceeding fourteen years. Therefore we find an adaptation to use of the article in question in connection with the premises involved completely meeting all requirements of the second test above referred to and therefore the acceptance of this test would also determine that the article in question is a fixture.

We come now to a consideration of the third and final test, said by some authorities to be the controlling consideration and generally held at least to be the chief test, namely,—

THE INTENTION OF THE PARTY MAKING THE ANNEXATION TO THE FREEHOLD.

The evidence adduced at the trial of the cause included the direct testimony of the owner that his intention and purpose in the construction of the building in the manner in which it was constructed was to use the oven as a permanent fixture in connection with the operation of the bakery business. Such testimony, however, even though uncontradicted must in all cases be cautiously considered because assertions of this nature are plainly self-serving declarations, difficult of course to disprove or negative by any other direct testimony. Therefore the court in arriving at a conclusion with respect to the third test has not considered this testimony alone, but has reached a conclusion from the external facts and circumstances gathered from all the evidence. In doing so the court has considered the nature of the construction of the article, the fact that it was built into the building on a permanent foundation at the time of the original construction of the building,

that the foundation of the oven was built and laid at the same time that the foundation of the building was built and laid; that the oven was constructed on its foundation in precisely the same manner in which the building itself was constructed on the building foundation; that thereby it was permanently annexed to the realty, that it was obviously designed as was the building for use as a bakery, and that it has been so used, both by the plaintiff and two of the defendants, for a total period of exceeding fourteen years; that it cannot be removed as a single unit but would have to be removed by breaking it down into its original component parts with a certain amount of waste material that cannot again be used; that its removal must cause some damage if not considerable damage, to the building. These facts lead to the conclusion that the intention was to make the article a permanent accession to the realty and part and parcel thereof and thereby the third test above referred to leads to the conclusion that the article in question is a fixture.

Counsel for both plaintiffs. and defendants have been diligent in the conduct of the cause. The court at their request and in the presence of counsel examined the premises in question and the hearing of the evidence extended over a period of several days. Expert testimony was adduced to sustain the contention of the respective parties and at the conclusion of the cause counsel filed very able briefs citing numerous authorities to support the contentions of the respective parties to the cause. While, as above stated, there appear to be no similar cases in Ohio other states have considered cases involving similar fixtures. The case of Collamore v Gillis, 149 Mass. 578, referred to in brief of plaintiff involved a bakery oven built of bricks and mortar. In that case it was held that a baker's oven built of bricks and mortar, and with an iron lining and door so connected with the building in which it was placed that the two were inseparable without the destruction of the oven and substantial injury to the building, was not a removable trade fixture. The court said:

"The oven was not like a machine or structure the parts of which are fitted to each other and can be taken apart and put together again at pleasure in some other place. It had, so to speak, no removable identity but when taken down it necessarily lost its character as an oven and with the exception of the iron lining and door became mere bricks and mortar."

Counsel for the defendants have cited the case of Baker v McClurg, 190 Ill., page 28. It appears that this case involved a baker's oven similar to the one involved herein and the court in that case held that the fact that the oven had to be taken down brick by brick would not prevent its being removed nor would it change the personal characteristics of the oven. However, an examination of the facts in that case shows that it is easily distinguishable from the instant case. That case involves a relationship between landlord and tenant, which relationship does not exist in this case. The court in that case held that as between the landlord and tenant removable trade fixtures may include boilers, ovens and other trade appliances attached by the tenant during his possession for purposes of trade, if they may be removed without injury to the freehold and held further that the fact that the masonry of ovens and boilers must be taken down brick by brick, that the iron work must be taken apart, **does not destroy the tenant's right to remove them at the expiration of the lease, where they are not built as part of the building but within it and not attached to the main structure, its walls or foundations,** and where they were **placed in the building by the tenant with the intention that they** should be removed and the removal could be effected without material injury to the freehold. The Illinois case is not analogous to the case at bar. In this case the owner originally built the oven into the building at the same time the building was constructed as heretofore recited in this opinion, so that clearly the doctrine set forth in the Illinois case cannot apply to the facts in this case, as between a landlord and tenant who had installed the fixture upon taking up his tenancy with the intention that it should be removed at the expiration thereof.

The defendants in the instant case introduced in evidence as bearing on the question of intent a conditional sales contract signed by the original owner showing purchase of the article on payments with title remaining in the vendor until the completion of payments made. We do not find that this evidence negatives the conclusion reached here, namely, that the article is a fixture accessory to the freehold, for the reason that the very essence of the law of fixtures is that the article in question in all cases was originally a chattel and be-

came a fixture only after its permanent annexation to the freehold. The conditional sales agreement was merely the method of purchase of the article and cannot be accepted as an evidence of an intention that after it was annexed it should still remain a chattel.

The defendants also introduced in evidence a memorandum of a chattel mortgage which had been prepared by counsel for the plaintiffs in order to secure additional security for the real property mortgage hereinbefore referred to running from the defendants Jicha to the plaintiffs Novak and listed among the chattels in said proposed mortgage was the oven referred to which is the subject of litigation in this case. In considering this evidence the court finds that the chattel mortgage was not signed and therefore the parties cannot be bound by it.

As hereinbefore stated the court regards the tests laid down in the case of Teaff v Hewitt, supra, as controlling in the instant case, and holds that the article in question, upon all of the evidence of the case and upon the application of the law, must be held to be a fixture within the legal acceptation of the term. Therefore the injunction will be allowed as prayed for, the temporary restraining order heretofore allowed herein will be made permanent and the sheriff and other defendants are properly enjoined from removing the baker's oven in question. Exceptions are allowed to all defendants. Order see journal.