## McCRACKEN v. CLINE.

No. 5524.   Opinion Filed January 25, 1916.

(154 Pac. 1174.)

1. **FRAUD—Action for Deceit — Petition — Sufficiency.** A petition which alleges that defendant made false representations to plaintiff, but fails to allege that plaintiff believed such representations and relied and acted thereon to his damage, does not state a cause of action for deceit. .

2. **TROVER AND CONVERSION—Petition—Requisites—Possession of Property.** To state a cause of action for the conversion of personal property the petition must show that the plaintiff has been deprived of the possession of such personal property.

(Syllabus by Rummons, C.)

*Error from County Court, Grant County;*
*J. W. Bird, Judge.*

Action by D. L. Cline against D. B. McCracken. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. B. Drennan,* for plaintiff in error.

*Sam P. Ridings,* for defendant in error.

Opinion by RUMMONS, C.   This action was commenced by the defendant in error, hereinafter styled the plaintiff, against the plaintiff in error, hereinafter styled the defendant, in the county court of Grant county, to recover the sum of $500 for the conversion of a building situated in the city of Medford. In disposing of this case we need only consider the demurrer of the defendant to the petition, which was overruled and exceptions saved. The petition in substance alleges that about two years prior to the filing thereof the defendant sold to one Geo. McCarroll certain buildings described in the petition,

and shortly after said purchase the said McCarroll sold, by and with the consent of the defendant, the said buildings to the plaintiff; that the defendant, at the time of the sale to McCarroll, and of the sale by McCarroll to plaintiff, was the owner of the real estate upon which the buildings were located; and that at the time of said sales one Lizzie Schwartz held a mortgage on said real estate for the sum of $3,500; that it was represented by the defendant to the said McCarroll and to the plaintiff that it was satisfactory and agreeable to the said Lizzie Schwartz that said buildings be removed from the said real estate, and that Lizzie Schwartz assented to such removal; that said buildings have remained on said premises at all times since the purchase by plaintiff, by and with the consent and agreement of the defendant, and that the defendant has leased the real estate and the plaintiff the building to the same party, each agreeing with the other, and each collecting his respective rents therefor; and that no part of said buildings have been removed, except a small room which was and is of small value; that plaintiff at the time of the purchase of the buildings and up to a short time previous to the filing of the petition supposed that it was agreeable to said Lizzie Schwartz that he should buy and remove said buildings from the said premises; that the defendant has made default in the payment of the mortgage to the said Lizzie Schwartz, and the same has been foreclosed, and the said real estate has been ordered sold, including the said buildings; that it has been adjudged and decreed by the court that the said buildings purchased by the plaintiff be sold to satisfy the mortgage given by the defendant to the said Lizzie Schwartz; that in truth and in fact said Lizzie Schwartz had not given permission to the said

defendant to have said buildings removed from the said premises, and the said Lizzie Schwartz has prohibited plaintiff from removing same; that said building has been appropriated to the use and benefit of the defendant for the purpose of satisfying said mortgage; that plaintiff has been deprived thereof; that said building remains on said premises, and is of the reasonable value of $500.

We think the trial court erred in overruling the demurrer of the defendant to this petition. The petition seems to have been drawn upon the theory that the defendant was liable for a conversion of the buildings because he consented to the sale thereof by McCarroll to the plaintiff, and because he represented that the mortgagee had consented to the removal thereof from the real estate upon which they were situated, and that in suffering a decree of foreclosure to be entered ordering the sale of the real estate, including the buildings, he had converted the same to his own use. We think that the facts set out in the petition do not constitute a conversion by the defendant of the property bought by the plaintiff. It will be noted that the petition attempted to set out a cause of action for deceit and alleged that it was represented by the defendant both to McCarroll and to plaintiff that it was satisfactory and agreeable to the mortgagee that the buildings be removed from the premises, and that the mortgagee assented to such removal, and that in truth and in fact the mortgagee had never assented to a sale of the buildings or to a removal thereof from the premises. But it is nowhere stated that such representation was made to plaintiff before the purchase by him of said buildings; neither is it alleged that plaintiff believed such representation and relied thereon in such belief, nor that he acted upon such representation to his damage. These

allegations are necessary in order for the plaintiff to maintain an action against the plaintiff for deceit. *Cooper v. Ft. Smith & W. Ry. Co.*, 23 Okla. 139-151, 99 Pac. 785.

It will be further noted that while the petition alleges that the defendant has suffered the mortgage upon the premises upon which the buildings are situated to be foreclosed, and that said premises, including the buildings, have been ordered sold, it does not allege that said buildings have been sold under such decree of foreclosure. The petition also fails to allege facts showing that plaintiff has been deprived of the possession of said building; the allegation that plaintiff has been deprived thereof being merely a conclusion. In fact it seems from the allegations of the petition that the plaintiff, at the time of the bringing of this action, was in possession of said building by a tenant. The petition in an action for the conversion of personal property must allege facts showing: First, that the plaintiff has a general or special property in the chattels alleged to have been converted; second, the right of possession thereof at the time of the conversion; and, third, that the defendant has converted the same to his own use.

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." (*Aylesbury Mercantile Co. v. Fitch*, 22 Okla. 475, 486, 99 Pac. 1089, 23 L. R. A. [N. S.] 273; *Bilby v. Jones*, 39 Okla. 613, 618, 136 Pac. 414; *Dodd-Lear, etc., Co. v. Gyr*, 44 Okla. 630, 146 Pac. 16.)

The petition wholly fails to state a cause of action either for deceit by the defendant, which has resulted in damage to the plaintiff, or for conversion of the property of plaintiff by the defendant.

The demurrer to the petition should have been sustained.  This cause should be reversed and remanded, with directions to the trial court to sustain the demurrer of the defendant.

By the Court:  It is so ordered.