Note.—See under (1) 40 Cyc. pp. 2501, 2504, anno. 7 A. L. R. 1116; 28 R. C. L. p. 604; 3 R. C. L. Supp. p. 1585; 5 R. C. L. Supp. p. 1547; 6 R. C. L. Supp. p. 635. (2) 22 C. J. p. 1102, §1459; 10 R. C. L. p. 1017; 2 R. C. L. Supp. p. 1140; 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp. p 582; 6 R. C. L. Supp. p. 685. (3) 9 C. J. p. 517, §19; 27 C. J. p. 224, §212.

---

## JARECKI MANUFACTURING CO. v. FLEMING.

No. 18655.   Opinion Filed March 20, 1928.

(Syllabus.)

1. **Replevin—Duty of Losing Defendant to Deliver or Tender Property Under Redelivery Bond—Proper Procedure Where Property Cumbersome.**

Where a party takes possession of property of another under a claim of ownership and transports the same to another county and thereafter the rightful owner files an action in replevin for possession of the property, and such party, as defendant, executes a redelivery bond and retains possession of the property, and thereafter judgment is rendered in the cause in favor of plaintiff for possession of the property, held, it is the duty of the defendant to promptly, and in good faith, deliver or tender the property to the plaintiff. And where the property is of a heavy or cumbersome nature, not easily transported, the unsuccessful party may and should seek the other party and ask him to appoint a place for delivery, and must deliver or tender the property at the place so appointed, if it be a reasonable one.

2. **Same—Judgment for Damages not Satisfied by Tender of Amount Conditioned on Plaintiff Accepting Cumbersome Property at Particular Place.**

Where damages are awarded in a replevin

action, such sum and judgment cannot be satisfied and discharged by a mere conditional tender of the amount, conditioned that plaintiff accept at a particular place selected by judgment debtor, drilling tools awarded in the action, since the judgment for damages is due and payable independent of the judgment for possession of the property.

**3. Same—Appeal and Error—Designation of Place for Delivery of Property not Ground for Quashing Execution for Possession.**

In an appeal from the action of the trial court in denying a motion to recall and quash an execution for possession of personal property upon the ground that the execution designated a particular place for delivery of the property, while the judgment did not so specify, such ruling and judgment of the trial court will not be reversed, since the designated place of delivery in the execution is deemed surplusage and harmless, if, as was so held and determined, the place of delivery of the property was a reasonable and proper one.

**4. Same—Denial of Motion to Quash Execution Sustained.**

Record examined, and held, sufficient to sustain the judgment and ruling of trial court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James M. Hayes, Judge.

Appeal by defendant below from order and judgment denying its motion to recall and quash execution issued in a replevin action. Judgment affirmed.

M. A. Dennis, for plaintiff in error.

H. S. Samples, for defendant in error.

LEACH, C. This is an appeal from the judgment and order of the district court of Okmulgee county overruling plaintiff in error's motion to recall, vacate, and quash an execution for possession of personal property, and to collect damages awarded plaintiff for withholding the property. The facts relating to the appeal, as we gather from the briefs and record, appear to be as follows:

Defendant in error here, Ed Fleming, as plaintiff below, originally filed the action against plaintiff in error here, Jarecki Manufacturing Company, to recover possession of certain drilling machinery alleged to be owned by plaintiff and acquired by him under foreclosure of a chattel mortgage. The defendant, manufacturing company, having previously acquired possession of the machinery in McIntosh county under foreclosure

of a materialman's lien, later removed the machinery to Okmulgee county. Verdict and judgment were rendered in the district court of Okmulgee county for plaintiff below for possession of the machinery and for damages in the sum of $300 for the unlawful withholding of the same, from which judgment the defendant, manufacturing company, appealed, and which judgment was affirmed by this court in an opinion which will be found in 123 Okla. 147, 252 Pac. 17. The mandate from this court, upon such appeal, was spread of record in the district court of Okmulgee county on January 31, 1927. Thereafter, on February 7th, the defendant in writing, offered to surrender the drilling tools to the plaintiff at the place where they were located at the time of the service of the original writ of replevin. The plaintiff, Ed Fleming, refused to accept the machinery and tools at the place and point specified in defendant's tender, and requested the same to) be delivered at his residence in the town of Morris, Okmulgee county, Okla. The defendant declined to pay the amount of damages awarded and costs unless plaintiff would accept the tools at the point tendered, and refused to deliver the tools at the place and point requested by plaintiff, whereupon the plaintiff caused to be issued out of the district court an execution directed to the sheriff of Okmulgee county, commanding him to forthwith cause restitution of the machinery described to be made, and that the plaintiff be put in possession of such property and delivered to him in block 14, in the town of Morris, and further commanding the sheriff to enforce and collect as against the goods and chattels of the defendant the damages awarded to the plaintiff, with interest and costs of execution, and in case the property described could not be had, then that the value thereof, as fixed by the jury, be collected out of the goods and chattels of the defendant, whereupon the defendant, manufacturing company, filed its motion in the court to recall, vacate, and set aside the execution on the ground that the same was illegal and void; that the clerk was without authority to issue same; that such execution was at variance with the judgment in that it directed the sheriff to deliver the personal property at a certain specified place when such place was not designated in the judgment; that the property described to be delivered, by reason of its cumbersome nature, was not required to be surrendered and delivered to the plaintiff at the particular place designated; that defendant had previously tendered the prop-

erty where the same was situated when replevined from the defendant; that prior to the issuance of the execution, tender and offer to pay the amount of damages and costs awarded plaintiff had been made by the defendant. Upon a hearing on such motion, the same was overruled and denied, and the defendant appeals from the action of the court denying such motion, and brings the same here for review.

The question first to be determined is: Did the defendant make a sufficient tender, or offer to return the property involved to the plaintiff? It is urged by the defendant, plaintiff in error here, that the tender and offer to deliver the property, it being of a heavy and cumbersome nature, at the place and point where it was replevined, such tender is sufficient, and that it should not be required to deliver the property at any other place.

Both plaintiff and defendant rely upon the case of Leeper, Graves & Co. v. First Nat. Bank of Hobart, 26 Okla. 707, 110 Pac. 655, to sustain their contentions in the matter.

It appears from an examination of that case that the plaintiff replevined and took possession of certain steel bridges, which it was later determined and held plaintiff had no right to the possession of, and judgment was awarded the defendant for the return of such bridges, and some of the bridges were located in various parts of the county. The plaintiff loaded some portion and part of the bridges on wagons, and hauled the same to the defendant, a bank. The defendant bank refused to receive any portion of the property until it could invoice the same; thereafter it did invoice the property, and found some portion and parts of the bridges missing, whereupon it declined to accept the return of any portion or part of the bridges, and filed suit on the replevin bond and obtained a judgment for the value of the entire property.

Upon appeal to this court, it was held that the defendant should have accepted the property tendered and looked to the bond for the value of the undelivered parts.

While reference is made in that case to the question of tender and return of property, and cases from other jurisdictions are cited, it does not specifically determine, nor the question does not appear to have arisen, as to the particular place where the property must be returned or tendered to the

party entitled to the same. It was said in the third paragraph of the syllabus in that case:

"In an action of replevin, where there is an alternative judgment rendered against plaintiff for the return of the property taken, or its value, it is a duty of plaintiff to promptly and in good faith tender all of the same in as good a condition as received, and a failure so to do will render his sureties liable on their undertaking for the full amount that defendant may be damaged thereby."

Cobbey on Replevin (2nd Ed.) section 1179, p. 667, under the heading, "What is a Proper Return of Property?" says:

"* * * The successful party may stand still and receive the property, or, if it is not tendered to him, may proceed to collect his money judgment, though he is not bound to do this, but may seize the property wherever he can find it. Or he may have a writ put in the hands of the officer, * * * which commands the officer to take and return the property."

And further, section 1182, paragraph 669:

"* * * Where the one holding the property pending the litigation is defeated and judgment for a return is entered against him, it is the duty to seek the other party and deliver the property to him, if he will receive it."

It was held in the cases of Dupree v. Jordan, 123 Okla. 91, 252 Pac. 67, and Gerber v. Wehner, 96 Okla. 48, 220 Pac. 648, that it was not necessary that the successful party in a replevin action cause a writ to be issued in order to procure a return of the property from the plaintiff before proceeding to enforce the alternative judgment for money, since it was the duty of the losing party to return the property within a reasonable time.

In the case of Leeper, Graves & Co. v. First Nat. Bank of Hobart, supra, reference is made to the case of Frey v. Drahos, 10 Neb. 594, 7 N. W. 319, which case is relied upon by plaintiff in error here, wherein it was held that a tender and offer to return to the sheriff a steam engine, boiler, engine house, pump, etc., which was taken under writ of replevin from the sheriff, at the place and point where it was levied upon by the sheriff, was a sufficient tender and return of property.

Were the facts in the instant case similar to those in the Frey v. Drahos Case, we might hold likewise. The property in the case at bar was not taken and replevined from the sheriff at the point and place

where it is now tendered to the plaintiff, but appears to have been taken by the defendant in an adjoining county.

The cost of handling or conveying the property, in that case would likely be chargeable to the property under the order of execution, under which the property was taken by the sheriff, while in the instant case the costs of transporting the property from its present location would fall on the plaintiff if he be required to accept it where tendered.

The case of Nimon v. Reed (Iowa) 44 N. W. 802, is cited by plaintiff in error, but it does not appear that the facts in that case are analogous to the case at bar, it being stated therein that defendant found the machinery in the mine, and he was not required by contract or otherwise, to remove the machinery from the mine and deliver it to plaintiff at the surface.

In the case of Gans v. Woolfolk, 2 Mont. 458, cited in the Leeper, Graves & Co. v. First Nat. Bank Case, supra, it was said:

"A carpet containing 600 yards, tacked to a floor, and not removed by the sheriff who seized it, was adjudged to be returned to him, and it was held that the carpet was so bulky as to render it necessary that the parties entitled to it should designate some convenient place to receive it, and in the absence of such designation the plaintiff should select a proper place for its delivery."

One against whom is entered a judgment for return to another of certain personal property or its value, cannot avoid liability for the value of the property in case it is destroyed before it is actually returned, by notifying the other party to come and get it, since it is his duty to make delivery. Ewald v. Boyd (S. D.) 123 N. W. 66, 24 L. R. A. (N. S.) 739. A holding very similar to the above was enunciated in the case of Jacobs v. Walker, 90 Okla. 209, 216 Pac. 935.

In 26 R. C. L. 636, relating to "tender," it is said:

"* * * The obligor has bound himself to deliver the property, and in order to fulfill his contract, must become the first actor and must look for the obligee at his residence or place of business. But if the articles are cumbersome and no place of delivery is fixed by the contract, the obligor must seek the obligee and ask him to appoint a place and must make the delivery or tender at the place so appointed, if it be a reasonable one."

The defendant below, plaintiff in error here, having taken possession of the property involved in an adjoining county, and having seen fit to give its redelivery bond conditioned for the return of the property to the plaintiff, it would appear that, in order to discharge itself of liability under such undertaking, it should deliver and tender the property to the plaintiff at the place designated by him, provided the point of delivery be a reasonable one. The trial court having heard the motion, under its judgment denying the motion, in effect, determined and found that the place designated by the plaintiff for the delivery of the property was a reasonable one. Under the facts in the particular case we think the trial court justified in the holding.

It is further urged by plaintiff in error that the execution was not in accord with the judgment, in that the execution specified a particular place to deliver the property to plaintiff while the judgment did not so specify. It is doubtful if the clerk issuing the writ had any authority to include therein a specified place for delivery to the plaintiff; however, such direction would be superfluous and harmless since the trial court determined that the place of delivery was reasonable.

If plaintiff was entitled to have the execution issue for the return of the property, the place of delivery being designated in the execution did not necessarily make the same void, since place of delivery would only involve and raise the question of costs which might be retaxed upon proper motion if such costs be found excessive or irregular. It is further contended, since the defendant offered to pay the amount of the damages and costs for which judgment was rendered, that the execution should not issue therefor.

It appears from the evidence and record in the case that the written tender was made conditionally, that is, the offer to pay the amount of the judgment and costs was dependent upon the plaintiff accepting possession of the tools at the place designated by the defendant. Such tender was not sufficient to discharge or satisfy the judgment for damages since the defendant was without authority to make the payment of the judgment conditional. The damage was due and payable regardless of a return of the property.

The defendant could have paid the amount of the judgment and costs to the clerk, and thereby relieved itself from any further liability for such sum or amount, or had a valid tender of the sum and amount due been made to the plaintiff uncondition-

ally, then it would have been relieved of the costs of such execution. Bly v. Pool, 60 Okla. 77, 159 Pac. 511.

"While replevin is a possessory action, yet great latitude is allowed, and the statutory action is considered flexible enough to authorize both legal and equitable rights to be determined in such action. * * *" Stone v. American Nat. Bank, 34 Okla. 786, 127 Pac. 393.

From an examination of the record in this cause, it does not appear that plaintiff in error has been denied its legal or equitable rights, and we conclude and hold that the judgment of the trial court in denying the motion of plaintiff in error was correct, and that such judgment and holding should be and the same is hereby affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.