WILLIAM C. ROSEN, assignee, *vs.* UNITED STATES RUBBER COMPANY & another.

SAME *vs.* LANE BROTHERS COMPANY & another.

Suffolk. January 14, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Replevin. Judgment. Bond,* Replevin. *Supreme Judicial Court.*

An entry in an action of replevin of judgment for the defendant and for costs in a specified sum is on its face a proper and complete judgment and carries no implication that the court ordered the return of the goods taken on the replevin writ or the payment of damages: the implication from the absence of any such order is that neither an order for return of the property nor an assessment of damages was intended.

Such a judgment, having been entered by a district court in 1927 with respect to property of a value not over $500, was not open to attack in an action upon the replevin bond given at the time of the seizure under the replevin writ.

In such an action upon the replevin bond, the plaintiff was not entitled to an execution for the value of the goods replevied, but only for the amount of costs included in the judgment in the District Court.

A sentence in an opinion accompanying a decision by this court should not be detached from the opinion and quoted as an authority justifying a like ruling in circumstances materially different from those which formed the basis of the decision which the opinion accompanied.

TWO ACTIONS OF CONTRACT, each upon a replevin bond. Writ in the Municipal Court of the city of Boston dated May 16, 1928.

At the trial in the Municipal Court, there was evidence

that a representative of the defendant, in the first action, at the time of the replevin, in January, 1927, indorsed on the replevin writ that the value of the merchandise described therein was "not over $452," and there was evidence that the property was worth $452.97. One representing the defendant in the second action indorsed on the replevin writ at the time of the replevin that the value of the merchandise therein referred to was "not over $182," and the evidence was that the property was of that value. The costs awarded to the defendant in each replevin suit were $7.48. Other material evidence before the trial judge, recited in a report made by him, is stated in the opinion.

The report by the trial judge states:

"At the close of the evidence the defendant filed a request for ruling; namely —

"1. In order for the plaintiff to maintain his action on the replevin bond for failure to return the goods replevied, he must prove that the trial judge in the replevin suit found for the defendant and made an order for the return of the goods.

"2. The finding of the trial judge for the defendant is not a finding for the defendant and an order for the return of the goods.

"The court denied this request. The defendants, claiming to be aggrieved by the refusal to rule, have requested that I report the same to the Appellate Division for determination."

That report contains no statement of the findings by the judge. From certified copies filed with this court, it appeared that the findings by the judge were as follows: In the first action, "The court finds for the plaintiff and assesses damages in the sum of $452.97." In the second action, "The court finds for the plaintiff and assesses damages in the sum of $182."

The Appellate Division ordered in each case: "Execution to issue for $7.48 only." The plaintiff appealed.

*W. C. Rosen,* for the plaintiff.

*F. H. Pardee,* for the defendants.

RUGG, C.J. These are two actions, each against the

principal and surety on a replevin bond. The principal defendant in each case sued out a writ of replevin against the present plaintiff and thereby took from him certain merchandise. Each gave a bond (wherein was described the writ of replevin) with the condition that, if the principal (the plaintiff in replevin and the present principal defendant) "shall prosecute said action of replevin to final judgment, and shall pay such damages and costs as the said William C. Rosen, Assignee, shall recover against it and shall also return the property replevied, in case such shall be the final judgment, then this obligation shall be void, otherwise it shall be and remain in full force and virtue." In each action of replevin a trial was had and finding made for the defendant, but no order was made for the return of the goods; no damages were assessed; subsequently judgment was entered for the defendant and for costs in a specified sum and execution issued therefor. Tender of costs has been made by each principal defendant and refused by the plaintiff. The plaintiff has made demand for the return of the merchandise replevied and that has been refused.

The single question is whether, in these circumstances, the plaintiff can recover the value of the merchandise replevied. Stated differently and more accurately, the question is whether these facts show a breach of the condition of the bond.

The replevin cases have gone to judgment. In replevin the entry of judgment for defendant without more is in law a proper judgment provided it is required by the facts. On its face there is nothing illegal or incomplete about such a judgment. It is final. It requires no further action by the court. It needs no elucidation. *Whitwell* v. *Wells,* 24 Pick. 25, 32, 33. *Standard Varnish Works* v. *Cushing,* 202 Mass. 576, 583–584. A simple final judgment for the defendant in replevin, without more, carries in law no implication for return of the property or for the payment of damages. If the court intended any result of that nature, it must appear in the judgment. The implication from the absence of any such order is that neither an order for return of the property nor an assessment of damages was intended.

The District Court in which the judgments for the defendant in replevin were entered had jurisdiction of replevin cases where the value of the property taken was no larger than here shown. G. L. c. 218, § 19. With respect to those actions it was a court of superior and general jurisdiction. G. L. c. 218, § 4. Every presumption is indulged in favor of the regularity of its proceedings. · Its judgments are not open to collateral attack. *Commonwealth* v. *Duggan*, 257 Mass. 465, 469. If the defendant in replevin was entitled to return of the merchandise, the time, place and forum for adjudication to that effect was at the trial of the action in replevin. *Ashcroft* v. *Simmons*, 163 Mass. 437. *Barry* v. *O'Brien*, 103 Mass. 520. The same is true as to damages other than damages incidental to failure to comply with an order for the return of the property. *Tucker* v. *Tremont Trust Co.* 242 Mass. 25, and cases there reviewed. Whether the defendant might have been entitled to nominal damages, if that contention had been asserted at the trial of the replevin cases, *Jarvis* v. *DePeza*, 251 Mass. 447, cannot now be considered. However that might have been, even nominal damages were not assessed and the judgments in the replevin cases must be accepted at their face value on the facts shown on these records.

The expressions in *Carroll* v. *Berger*, 255 Mass. 132, and *Sullivan* v. *Martinelli*, 261 Mass. 261, upon which the plaintiff relies, have no relevancy to the facts here disclosed and are not inconsistent with the propositions here declared. Sentences cannot rightly be detached from any opinion and stretched to other circumstances with a different context for which they were not intended. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 545. In *Carroll* v. *Berger* the entry of judgment for the defendant in replevin was shown by examination of the record to have been made because of want of jurisdiction in the court to entertain the action. In appropriate cases the grounds of a judgment may be shown by evidence outside the record in order to do justice between parties. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 49. *United Shoe Machinery Corp.* v. *United States*, 258 U. S. 451, 458, 459. No question of that sort is

here presented. In *Sullivan* v. *Martinelli* the replevin action was dismissed for want of prosecution by the plaintiff, a manifestly different situation from that of the cases at bar.

It follows that the plaintiff fails to show any breach of the condition of the bond on the part of either of the principal defendants except failure to pay the costs in the replevin actions. Each principal defendant prosecuted the "action of replevin to final judgment." There has been no failure on the part of either principal defendant to return the property replevied because there was no order for such return. The only condition in the bond not fully performed is the payment of the costs to the defendant in replevin.

Every question argued has been discussed. No argument put forward in behalf of the plaintiff shows any error in the order of the Appellate Division.

In each case the entry may be,

*Order of Appellate Division affirmed.*