## GIBSON v. EXCHANGE NAT. BANK OF PAULS VALLEY.

No. 22039.   Feb. 5, 1935.

Rehearing Denied April 2, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1935.

Blanton, Osborn & Curtis, for plaintiff in error.

R. E. Bowling, for defendant in error.

BUSBY, J.   This action was commenced in the district court of Garvin county on April 27, 1929, by the Exchange National Bank of Pauls Valley, Okla., a corporation, as plaintiff, against John W. Gibson, as defendant.

The plaintiff sought to recover the value of certain alleged personal property on the theory that the same had been wrongfully converted by the defendant. The trial of the case to a jury in the court below resulted in a verdict and judgment in favor of the plaintiff for the value of the property fixed at $287.50. The defendant has perfected his appeal to this court and appears herein as plaintiff in error. For convenience we will refer to the parties as they appeared in the trial court.

The record discloses that the defendant, John W. Gibson, was the owner of a business building in the city of Pauls Valley, and that for a number of years prior to March 1, 1929, the building had been occupied by one Scott Morley, as tenant, who operated a restaurant therein.

Morley was indebted to the plaintiff bank and had given a chattel mortgage on the restaurant furniture and fixtures to secure the payment of the debt, which had been past due for some time on March 1, 1929.

On the date last above mentioned, Morley closed the doors of his restaurant and quit doing business. He was at that time occupying the building under a three-year lease executed on January 1, 1928, and providing for monthly rental of $70 per month payable in advance. He also quit paying rent at the same time. On March 20, 1929, he delivered the key to the building to the defendant and surrendered possession, leaving the furniture and fixtures in the building.

On or about the 10th day of April, 1929, the plaintiff bank was formally notified in writing by the defendant Gibson to remove from the building any property in which it claimed an interest. On or about April 29th the bank started to remove the property which it claimed by virtue of its mortgage. The defendant, however, refused to permit the removal of 29 mirrors, which were attached to the building by wooden pegs inserted in the wall, three ceiling fans, which were attached to the ceiling by screws, and a suction fan, which was attached to the building by bolts.

The plaintiff then commenced this action to recover the value of the articles mentioned, as well as a few other articles which it was unable to obtain possession of. The resulting judgment in favor of the plaintiff has already been mentioned.

It is contended by the defendant that the

mirrors and fans became a part of the building by reason of being affixed thereto, and were, therefore, the property of the defendant.

The plaintiff bank, on the other hand, urges that it was properly decided in the court below that the mirrors and fans remained personal property; that they are properly classified as trade fixtures and removable as such.

The position of the plaintiff bank is well taken. Unquestionably, the articles mentioned were annexed to the building by the tenant, Scott Morley, for the purpose of aiding in the conduct by the tenant of a restaurant business on the leased premises. They are, therefore, trade fixtures. 26 C. J. 703. It is also apparent that no substantial injury would result to the building by reason of their removal. Indeed, it is apparent that the defendant Gibson in renting his building for restaurant purposes must have contemplated the installation of ordinary fixtures commonly used in the restaurant business and must be deemed to have consented to the slight defacing of the walls of his building that would necessarily follow the installation and removal thereof.

The right of a tenant to remove trade fixtures when the removal can be accomplished without substantial injury to the premises is recognized by statute in this jurisdiction. Section 11730, O. S. 1931, provides:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require or permit the former to remove it: Provided, that a tenant may remove from the demised premises at any time during the continuance of his term anything affixed thereto for purpose of trade, manufacture, ornament or domestic use, if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

Since the tenant might rightfully remove the trade fixtures, it follows that the mortgagee of the tenant with his consent (which the record discloses was obtained in the case) might exercise the same right. The decision of the trial court on this question is therefore affirmed.

It is next urged by the defendant that the removal of trade fixtures by a tenant or his mortgagee must be accomplished during the tenant's possession under the lease, and that the plaintiff bank in this case could not rightfully remove the property in question after the surrender of the leased premises.

Many authorities are cited in defendant's brief to the general effect that a tenant must exercise his right of removal during his term and that a mortgagee of the tenant has no greater right of removal than the tenant.

Indeed such seems to be the general, though not universal, rule. It is in accord with our statute (sec. 11730, O. S. 1931, supra), which affirms the right of a tenant to remove "during the continuance of his term."

However, it has no application to this particular case. We are confronted with a situation in which a tenant surrendered possession during his term by agreement between himself and the landlord. The applicable rule is stated in 26 C. J. 718, as follows:

"That the leasehold is surrendered by the tenant does not, by the weight of authority, affect the right of removal by one to whom the fixture has previously been transferred or mortgaged."

Manifestly, the recognition of any other rule would give rise to situations in which mortgagees would be deprived of property rights without any opportunity to protect themselves. Simple justice requires that the mortgagee be given an opportunity and a reasonable time to remove mortgaged property from leased premises when the lease has been surrendered by the tenant prior to the expiration of the term.

The judgment in the trial court, being in accord with the views herein expressed, is affirmed.

RILEY, BAYLESS, WELCH, CORN, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., absent. OSBORN, J., disqualified.