CARTE-CALDWELL v. BERRYHILL.

No. 29866. April 8, 1941.

*112 P. 2d 370.*

R. E. Stephenson, of Sapulpa, for plaintiff in error.

Tom Wallace and Heber Finch, Jr., both of Sapulpa, for defendant in error.

PER CURIAM. On July 1, 1932, the defendant in error, hereinafter referred

to as plaintiff, instituted this action in replevin against the plaintiff in error, hereinafter referred to as defendant, to recover, under claim of absolute ownership, the immediate possession of certain doors, slides, and hinges and underground tanks which were in the possession of the defendant. Answer of the defendant was a general denial. Upon the issues thus framed the cause came on for trial before a jury on September 21, 1939. The court at the conclusion of all of the evidence directed an alternative verdict in favor of the plaintiff. Motion for new trial was overruled, and the defendant appeals.

Five assignments of error are made, which are presented and discussed under a single proposition, which is, in effect, that under the evidence it was error to direct a verdict in favor of the plaintiff and to refuse to direct a verdict in favor of the defendant.

The record shows that on April 30, 1930, plaintiff acquired certain real property in the city of Sapulpa and leased the same on April 21, 1931, to Munn's Cleaning & Hat Works for a term of one year; that said tenant installed the property here involved on said premises for the purpose of carrying on the business of the tenant, and at the expiration of the term removed said property from the leased premises and thereafter sold it to the defendant; that the plaintiff based his claim to possession of said property upon the fact that nothing had been said in the lease with reference to the removal of any property by the tenant, and the further fact that the slide and hinges upon which the doors hung had been fastened to the building and the tanks had been buried underneath the building. The plaintiff did not attempt to prove that the property had been attached to the realty in any manner which would evince an intention that it should become permanently a part thereof or in any manner other than that incident to its use in the business which the tenant was carrying on upon the leased premises.

Under the foregoing facts the case at bar is clearly differentiated from that of Hinkle v. Bass Furniture & Carpet Co., 117 Okla. 207, 246 P. 228, for much the same reasons which were stated in the case of Kay County Gas Co. v. Bryant, 135 Okla. 135, 276 P. 218, and which we deem unnecessary to repeat here. The plaintiff made no effort to show that the removal of the property from the leased premises had resulted in any injury thereto or that the property had ever been considered anything other than the personal property of the tenant. Where personal property is attached to the premises by a tenant for the purpose of carrying on his business and not to improve the premises, it is generally held that such fixtures are to be treated as trade fixtures and that the same are removable by the tenant at the expiration of his lease where this can be done without any substantial injury to the leased premises. Gibson v. Exchange National Bank of Pauls Valley, 172 Okla. 106, 42 P. 2d 511; Quality Milk Products Co. v. Young, 175 Okla. 98, 51 P. 2d 547. In a replevin action plaintiff, in order to recover, must do so upon the strength of his own title or right to possession. Purcell Bank & Trust Co. v. Palmer, 177 Okla. 452, 60 P. 2d 772. The evidence of the plaintiff wholly failed to establish his claim to title or to possession, and under these circumstances the court should have directed a verdict for the defendant. The cause is therefore reversed and remanded, with directions to enter judgment for the defendant.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.