ROSTYKUS v. FIDELITY FINANCE CO. et al.

No. 33643.   Oct. 10, 1950.

*223 P. 2d 126.*

Carmon C. Harris, of Oklahoma City, for plaintiff in error.

Washington & Thompson, of Oklahoma City, for defendants in error.

CORN, J. Plaintiff brought this action against the Fidelity Finance Company, a corporation, and its surety, Sharp, to recover damages for breach of the terms of a replevin bond executed by defendants. An order was entered sustaining defendants' demurrer to the amended petition, and plaintiff has appealed. The facts out of which the controversy arose may be summarized as follows:

October 18, 1946, the plaintiff, then a minor, purchased an automobile from one Holden, made down payment thereon, signed notes for the balance due and executed a chattel mortgage on

the automobile to secure the notes. The notes and mortgage were sold and assigned to the defendant Fidelity Finance Company.

January 21, 1947, the plaintiff, by his father and next friend, brought an action in the district court against defendant and Holden, to disaffirm the contract because of his minority, cancel his notes and mortgage, and to recover his original down payment. Defendants answered by a general denial. By cross-petition the defendant Finance Company pleaded plaintiff's execution of the notes and mortgage and transfer of same to defendant; that plaintiff had made default in payment, and by virtue of the mortgage defendant had an interest in and was entitled to possession of the mortgage chattel, and sought recovery and possession thereof. Defendants then filed writ of replevin and executed replevin bond which contained the following:

"Now, therefore, we hereby undertake to the said plaintiff, the penial sum of $1858, that said defendant shall duly prosecute said action and pay all costs and damages which may be awarded against them; and if said property be delivered, to them, the said defendant, that they will return the said property to the plaintiff after a writ thereof be adjudged."

The writ of replevin was executed and possession of the vehicle delivered over to defendant company.

Plaintiff's action was tried June 3, 1947, and the trial court rendered judgment for plaintiff as follows;

"It is, therefore, ordered, adjudged and decreed by the court that the said plaintiff, Tommy Rostykus, have and recover of the defendant, A. C. Holden, the sum of $471.15 and that the plaintiff, Tommy Rostykus, deliver to the defendant, A. C. Holden, one 1941 Dodge Tudor Sedan, Motor No. D19133936.

"It is further ordered, adjudged and decreed that the note and mortgage given for the purchase of said automobile and now in the hands of Fidelity Finance Company, a corporation, is cancelled and held for naught and of no further force and effect.

"It is further ordered, adjudged and decreed by the court that the Cross-Petition of Fidelity Finance Company, a corporation, is hereby denied and the said Fidelity Finance Company, a corporation, is to take nothing by reason of said Cross-Petition."

However, May 28, 1947, defendant commenced proceedings to foreclose its mortgage and sell the security. On June 7, 1947, three days subsequent to rendition of the above judgment, defendant sold the automobile and transferred title to Holden.

Shortly thereafter plaintiff reached his majority and filed the present action in his own behalf. The amended petition substantially alleged the matters above set forth, and further alleged that defendant failed to deliver possession of the property to plaintiff; converted the automobile by advertising same for sale to foreclose a chattel mortgage while replevin suit was pending, and by selling same at such foreclosure sale after defendant's note and mortgage had been declared void, and after it had been adjudged that plaintiff was not indebted to defendant, and that defendant did not have the right to possession of the property and thus became liable to plaintiff upon the bond in the amount of the value of the car.

The real question to be decided is whether plaintiff's petition stated a cause of action for a breach of the conditions of the replevin bond executed by defendants.

Consideration of plaintiff's petition discloses it was alleged that : (1) Defendant took possession of the automobile under a writ of replevin; (2) upon trial judgment was rendered denying defendant's cross-petition wherein defendant claimed the right of possession; (3) plaintiff was ordered to return the vehicle to the seller; (4) defendant failed to return the property upon failure of the writ of replevin; (5) plain-

tiff was deprived of possession by defendant's acts; (6) defendant's surety on the replevin bond became jointly liable for damages resulting to plaintiff by reason of being deprived of his property.

In view of the foregoing allegations, to be taken as true for the purpose of ruling upon defendant's demurrer to the petition, this matter reduces itself to the sole proposition of whether the judgment rendered (above quoted) adjudged a breach of the terms of the replevin bond and ordered a return of the property to the plaintiff.

It is elementary that the gist of the action of replevin is the plaintiff's right to immediate possession of the property. Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194, 57 A. L. R. 17. And, the plaintiff in replevin must recover solely upon the strength of his own title. Carte-Caldwell v. Berryhill, 188 Okla. 617, 112 P. 2d 370.

The rule is that where a party holds property in a replevin action under a bond, the condition of the bond being that he will deliver up the specific property if he fails in his action, the property is considered as being in custodia legis, as much as if in actual possession of an officer of the court. Wilson Motor Co. v. Dunn, supra; 46 Am. Jur., Replevin, §37.

The same text, section 75, announces the following rule:

"Both at common law, and under modern statutes where possession is sought pending the action, the plaintiff in replevin is required to give a bond, which in modern practice is usually conditioned for the prosecution of the action, for the return of the property if return thereof is adjudged, and for the payment of such sum as may for any cause be recovered against the plaintiff. It is primarily for the protection of the defendant in the event the plaintiff does not prevail."

With these principles in mind, the present case may be reduced to the following essentials: In plaintiff's ac-

tion to rescind his contract the defendant, by cross-petition claimed a superior title and right to possession of the property, sued out its writ of replevin and executed its bond whereby defendant, and its surety, were bound to "return the said property to the plaintiff after a writ thereof be adjudged."

The trial court determined that defendant had no right to possession, based on its claim of title. The judgment recognized the necessity for settling the issues between plaintiff and Holden, arising out of plaintiff's disaffirmance of the contract. To adjust such matters of the trial court gave plaintiff judgment for the amount he had paid under the contract, but explicitly directed that plaintiff return the automobile to Holden.

The general rule is that a simple judgment for defendant in a replevin action, without more, carries in law no implication for return of the property. And, in such cases the surety upon the replevin bond is not liable for the failure of the party against whom such judgment is rendered to return the property, where the judgment rendered fails to order return of the property. See 46 Am. Jur., Replevin, §§124 and 156, and cases cited in the footnotes; Rosen v. United States Rubber Co. et al., 268 Mass. 403, 167 N. E. 655, 65 A.L.R. 1299, and annotation at p. 1302. It is to be noted in the cases cited as supporting the above rule, that the various counts point out that no breach of the condition of the bond accrues until return of the property is awarded.

However, it is clear that the judgment herein considered did more than render a simple judgment for plaintiff. The trial court rendered judgment for Rostykus for the amount claimed as damages, and costs, and likewise ordered him to return the automobile to the seller, Holden, when the plaintiff did not have possession of the vehicle at that time. Of necessity, and by every reasonable intendment, the provision of

the trial court's judgment requiring plaintiff to restore possession of the automobile to Holden, when defendant had possession, can only be interpreted as meaning that the defendant was to surrender possession of the property to plaintiff.

Unless the provisions of the judgment be interpreted in this manner, it is obvious that the trial court did a useless thing. This is true because it is plain that, although it was determined that defendant had no rights in the property, nevertheless, defendant could withhold the property from plaintiff, or, as was done here, make such disposition thereof as it saw fit without consideration of the terms of its replevin bond, or fear of penalty resulting from such act. The requirement of the judgment that plaintiff return the automobile to Holden was as explicit as that part of the judgment which gave plaintiff the money judgment.

In 46 Am. Jur., Replevin, §152, the rule is stated as follows:

"When a return of personal property is adjudged in the replevin action, it is the duty of the plaintiff, if he has secured possession thereof pending the litigation, to take active measures to redeliver it to the defendant, within a reasonable time, in the same condition as when taken. If the plaintiff fails to take such active steps to return the property, a breach of a bond conditioned for a return of the property occurs, and the surety thereon is liable therefor."

Also, see Jarecki Mfg. Co. v. Fleming, 130 Okla. 95, 265 P. 628, 57 A.L.R. 802.

We hold that a reasonable interpretation of the trial court's judgment was that it required defendant to return the replevined property to plaintiff, in order that he might be enabled to comply with the further provisions of the judgment. When the defendant failed to perform as directed, and converted the automobile by chattel mortgage sale subsequent to rendition of the judgment, it breached the plain conditions of the replevin bond executed by the company, and its surety, and thus became liable to plaintiff under the terms of such bond.

Judgment reversed, with directions to set aside the order sustaining defendant's demurrer to plaintiff's petition and reinstate the cause for further proceedings.

ARNOLD, V.C.J., and WELCH, GIBSON, LUTTRELL, and O'NEAL, JJ., concur. DAVISON, C.J., and HALLEY and JOHNSON, JJ., dissent.

HALLEY, J. (dissenting). It is to be remembered that this is a law action and not one of equitable cognizance.

The question for determination is, Does the petition state a clear cause of action? I think not. The petition is rather lengthy, but it does not allege or refer to a single condition contained in the bond which has been breached. The essential provision of the bond is as follows:

"Now, therefore, we hereby undertake to the said plaintiff, the penial sum of $1858, that said defendant shall duly prosecute said action and pay all costs and damages which may be awarded against them; and if said property be delivered to them, the said defendant, *that they will return the said property to the plaintiff after a writ thereof be adjudged.*" (Emphasis mine.)

The bond is conditioned that defendants will duly prosecute the action and pay all damages that may be assessed against them, and that if the property be delivered to the defendants, they will return the same to plaintiff if a writ thereof be adjudged.

It is not alleged that the action was not duly prosecuted nor that damages were awarded against the defendants in the case at bar, nor is it alleged that it was adjudged by the court that the property taken by these defendants under the writ be returned to the plaintiff. It is essential, in order to state a cause of action in a case of this

character, for the petition to allege that the judgment in the replevin action ordered and directed that the property be returned to the plaintiff. The judgment is attached to the petition as an exhibit, and speaks for itself. It provides as follows:

"It is, therefore, ordered, adjudged and decreed by the court that the said plaintiff, Tommy Rostykus, have and recover of the defendant, A. C. Holden, the sum of $471.15 and that the plaintiff, Tommy Rostykus, deliver to the defendant, A. C. Holden, one 1941 Dodge Tudor Sedan, Motor No. D19133936.

"It is further ordered, adjudged and decreed that the note and mortgage given for the purchase of said automobile and now in the hands of Fidelity Finance Company, a corporation, is cancelled and held for naught and of no further force and effect.

"It is further ordered, adjudged and decreed by the court that the Cross-Petition of Fidelity Finance Company, a corporation, is hereby denied and the Fidelity Finance Company, a corporation, is to take nothing by reason of said Cross-Petition."

The judgment does not order and direct defendants to return the property to the plaintiff. It is ordered and adjudged that the defendants take nothing by their cross-petition; that the plaintiff have and recover from defendant A. C. Holden the amount advanced by him as a down payment on the automobile; and that the automobile be delivered to A. C. Holden. The meaning of the judgment can be determined only from its contents, as nothing else is before us. The petition on which the judgment was based is not made a part of the petition here.

The surety on the replevin bond, like a surety on other bonds, cannot be held liable beyond the obligation assumed by him under the terms of the bond.

In 46 Am. Jur. 80, §149, it is said:

"In accordance with the general principles of suretyship, the liability of sureties on replevin and redelivery bonds is coextensive with and limited to the terms of the bond or contract . . . ."

And at page 84, §156, it is stated:

". . . It is well established that the surety on a replevin bond conditioned for the return of the replevied property, in case a return thereof is adjudged by the court, is not liable for the failure of the parties against whom judgment is rendered to return the property where the judgment does not direct a return thereof. This is generally held true, even though the court or jury finds that at the commencement of the action the defendant was entitled to immediate possession of the property."

In 65 A.L.R. 1302, the author states:

"The sureties on a replevin bond, conditioned for the return of the replevied property in case a return thereof is adjudged by the court, are not liable for the failure of the party against whom judgment is rendered to return the property, where the judgment does not direct a return thereof."

Numerous cases appearing in the annotations support the above statement.

The majority opinion takes the position that the judgment of the court in the prior action, wherein it holds that defendants take nothing by their cross-petition and that the plaintiff return the automobile to Holden, can be interpreted only as meaning that the automobile was to be delivered to the plaintiff. I cannot agree. The Supreme Court of Massachusetts, in the case of Rosen v. United States Rubber Co., 167 N. E. 655, held a judgment for the defendant not ordering the return of goods to him nor assessing damages does not carry any implication for the return of the property or for the payment of damages, and that defendant was not entitled to recover on the replevin bond of the plaintiff. Other cases appearing in the annotations above referred to reach the same conclusion. As a matter of fact, plaintiff was ask-

ing that the sale be set aside, and could not ask that the car be returned to him.

I challenge the correctness of the statement made in the majority opinion that the defendant Finance Company failed to perform as directed and converted the automobile by chattel mortgage sale. The man whom the judgment directed to receive the car did receive it. This is not a suit for conversion, but if it were the plaintiff could not recover. In order for him to recover in an action in conversion it would be necessary that he be the owner of or entitled to the possession of the property alleged to have been converted at the time of its conversion (Shelton v. Jones, 66 Okla. 83, 167 P. 458; McCracken v. Cline, 55 Okla. 37, 154 P. 1174), and this he was not.

The petition does not state a cause of action on any theory, and the demurrer was properly sustained.

I dissent.