**CHEROKEE PIPE LINE COMPANY, a Delaware Corporation, Appellant,**

v.

**Jim NEWMAN and Earl A. Davis, Appellees.**

**No. 49926.**

Supreme Court of Oklahoma.

April 3, 1979.

Kenneth R. Johnson, George B. Thompson, Johnson & Thompson, Ada, Houston B. Southern, Houston, Tex., for appellant.

Birdsong & Davis, Oklahoma City, for appellees.

WILLIAMS, Justice.

This is an appeal by plaintiff in the trial court, Cherokee Pipe Line Company (Cherokee), from judgment denying injunctions against the defendants, Davis and Newman. Cherokee originally filed separate actions against the two defendants, but since in all pertinent details the actions involved the same issues, with identical pleadings except for the names of defendants and land descriptions, they were consolidated for purposes of trial, separate judgments were filed, and plaintiff combined its appeals into one petition in error.

In the trial court, Cherokee alleged that it was the owner of pipe line easements covering the described lands, the surface of which was owned by defendants; that under the easements, it had the right to remove the pipe lines from the described premises; and that its efforts to do had been thwarted by defendants, who refused to permit Cherokee employees to come onto the premises for that purpose. Cherokee asked for temporary and permanent injunctions against the defendants to prevent them from interfering with Cherokee in the removal of the pipe lines. Temporary injunctions were granted *ex parte*, but were vacated the next day upon application of the defendants.

In answers and cross-petitions, defendants specifically alleged that, "the purported easements claimed by plaintiff across the land described in the plaintiff's petition are void and unenforceable." Defendants further claimed that the *plaintiff occupied substantially the same position as that of plaintiff in a quiet title and ejectment action*, with the principal issue being whether plaintiff had good title to the easements and therefore right to possession of the pipe line.

After hearing at which all parties introduced evidence, the trial court apparently feeling bound by the easement context of the pleading, rendered judgment for defendants. The trial court specifically found that "plaintiff has *failed to establish title to the pipe line right of way*" over the described lands, and that "Plaintiff has failed to prove and establish grounds for an injunction" against the defendants. (Emphasis added).

On appeal Cherokee argues generally that it is the owner of easements claimed in the petition; its predecessor has laid the pipe and therefore it has the right to possess it; and that it is entitled to an injunction forbidding defendants from interfering with removal.

We can not agree with defendants' argument that the principal issue is whether plaintiff had good title to the easements. We must make an initial distinction heretofore uncontended by either party: two title issues are present: title to the easements and title to the pipe. Clear record title to the easements ordinarily would subsume title to the pipe line under the removal clause contained in the easement grants. However, in the view of this Court, if one holds paramount title to the pipe, that alone is sufficient to justify his right to possession

of that pipe. Since title to the easements is not dispositive of this case, we will not dwell on it.

A thorough reading of the record indicates that Cherokee's title to the pipe is paramount to the defendants' ownership interest, if any, and it therefore has a paramount right to possession thereof. *Kay County Gas Company v. Bryant*, 135 Okl. 135, 276 P. 218 (1928). No testimony nor any logical conclusions drawn therefrom establish that the pipe was installed for any purpose other than to benefit the appellant's predecessor pipeline company. Therefore, the pipe though buried in the soil (realty) may be removed by its lawful owner under circumstances of having been placed there merely for the purpose of trade and not for purpose of enhancing the defendants' property. *Irwin v. Smith*, 536 P.2d 415 (Okl.1975).

In the *Kay County* case, *supra*, a situation similar to the instant case arose when the gas company attempted to remove a gas pumping plant, pipe, and other property over objection of the landowner. This objection necessitated the filing of suit to enjoin the landowner from interfering with the company's right of removal. The landowner claimed (as the landowner claims in this case) that the permit (or easement) secured by the company was invalid, and that this invalidity should bar the company from removing the pipe. This Court rejected the argument 276 P. at page 220 by holding, "[w]e are not able to see how this reasoning could aid defendants, for, if, for any reason, there was any lack of authority in granting the permit (which we do not hold), it should not now avail defendants."

The Court in the *Kay County* case, *supra*, granted the plaintiff's requested injunctive relief to prevent interference with removal of pumping plant and pipe irrespective of whether the permit in the nature of an easement was valid.

Since the *Kay County* case, this Court has followed that reasoning in *Carte-Caldwell v. Berryhill*, 188 Okl. 617, 112 P.2d 370 (1941); *Revell's Estate v. Herron*, 187 Okl. 618, 105 P.2d 426 (1940); and *Kirk v. Union Grade School District No. 1*, 180 Okl. 198, 199, 68 P.2d 769, 770 (1937) in which latter case this Court in construing Art. 10 Const. § 26, and 60 O.S.A. § 334, held:

> If then we construe the statute strictly, the defendant may not remove the building though it belongs to him—which is a peculiar result. We think the more liberal view and one that is more consonant with justice and reason is that the *right of removal should be considered* in the particular case *as included within the right of ownership.*

We determine that Cherokee has established its paramount ownership of the pipe and has also established its concomitant right to removal. We further determine it is entitled to remove the pipe under such terms and upon doing such restorative work as the trial court may direct.

REVERSED and REMANDED.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, SIMMS, DOOLIN and OPALA, JJ., concur.

HARGRAVE, J., disqualified.