Terry W. WOMACK, Appellant,

v.

The CITY OF OKLAHOMA CITY, a municipal corporation, Appellee.

No. 63638.

Supreme Court of Oklahoma.

April 22, 1986.

As Corrected Sept. 16, 1986.

Rehearing Denied Sept. 16, 1986.

Jess Horn, Oklahoma City, for appellant.

Robert D. Allen, Municipal Counselor, Steven "L." Garside, Asst. Municipal Counselor, Oklahoma City, for appellee.

OPALA, Justice.

The sole question presented is whether the trial court erred in denying a successful replevin plaintiff's plea for his counsel fees and costs. We answer in the affirmative.

This was an action by the owner of a pickup truck to recover possession of his vehicle impounded by the police department of Oklahoma City [the City] on October 16, 1984. According to the petition, the owner, on presenting proof of his title together with his registration and a current driver's license, tendered an amount equal to all outstanding (wrecker and storage) charges. The City nonetheless refused to release his truck because he would not sign a form that would have exonerated the City from any liability "arising from the physical impoundment of the vehicle." It was alleged that the owner had been given the option of either signing the City's form or bringing a replevin suit. In its answer brief the City concedes the owner was informed by its employees that the vehicle could not be released unless the owner signed the form or secured a judicial release. Rather than yield to the City's demands, the owner elected to bring this action for possession of his vehicle, an attorney's fee award and costs.

The City objected to a prejudgment delivery order on the grounds that (a) service upon it was improper, (b) the owner had not posted a bond in accordance with the terms 12 O.S. 1981 § 1573 and (c) the property was rightly withheld from the owner because he refused to sign the required release form.

On November 20, 1984 the owner secured by court order prejudgment possession of the vehicle upon his payment of the wrecker and storage charges then due. Consideration of his claim for a counsel fee award was postponed for resolution at a later date. When the issue was subsequently reached, the City sought dismissal of the replevin action for mootness because the vehicle had already been returned to its owner. The claim for counsel fee and costs met with adverse disposition on December 14, 1984. The trial court's disallowance, based on the City's immunity under the Political Subdivision Tort Claims Act [Act],[1] as construed by this court in *McCracken v. City of Lawton*[2], was rested on its finding that the owner's vehicle had been lawfully impounded. The owner appeals from the trial court's denial of his claim for a counsel fee award and costs.

The record tendered for our review consists merely of papers filed below. Because there is no record of any conducted proceedings, our review here stands confined to an examination of the file designated for inclusion in the appellate record.[3] The record is devoid of any showing that the City offered a defense to the owner's quest for possession other than filing its objections and initially appearing to resist the delivery of the vehicle on the grounds outlined. The *prejudgment order* for the delivery of the vehicle to the owner was followed by the *second order* from which the owner brought this appeal. The latter order bears all the earmarks of a terminal disposition. Its terms clearly imply that the vehicle's delivery had been removed from controversy by the prejudgment order and that only the counsel-fee-and-cost issues remained.

From the paperwork so described we can reach no other conclusion but that the owner was the prevailing party who succeeded in recovering possession of his truck. Implicit in the trial court's resolution of the issues bearing on possession are the findings that (a) the owner's offer to pay the charges due and to comply with all the other demands but one—releasing the City from "liability arising from the physical impoundment of the vehicle"—was sufficient to secure the vehicle's release and (b) the City's additional demand was an impermissible precondition. Whenever an appellate record fails to include any evidence a presumption arises that the trial court's judgment was founded on sufficient proof and is hence correct.[4]

The City contends that the owner's suit for possession of the vehicle was one in tort and, because the claim was asserted against a political subdivision, it should be regarded as controlled by the law's limitations on *ex delicto* recovery. According to the City, the Act's immunity provisions control over the terms that authorize an attorney's fee award to the prevailing party in a replevin suit. The City argues that the instant case—in which its method of enforcing a city ordinance is assailed—is analogous to *McCracken*. Based on *McCracken*, we are urged, the City was acting here as an enforcer of its ordinance and hence was performing a governmental act for which statutory law affords immunity from liability.

The owner, on the other hand, invokes the replevin statute, 12 O.S. 1981 § 1580,[5]

1. 51 O.S. 1981 §§ 151 et seq.

2. Okl., 648 P.2d 18 [1982].

3. *Hamid v. Sew Original*, Okl., 645 P.2d 496, 497 [1982].

4. *Hamid v. Sew Original, supra* note 3 at 497; *Gilkes v. Gilkes*, Okl., 389 P.2d 503, 505 [1964] and *Pfalzgraf v. Ward*, 183 Okl. 154, 80 P.2d 634, 635 [1938].

5. The terms of 12 O.S. 1981 § 1580 provide: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a deliv-

as authorizing an award for attorney's fees to the prevailing party. Because, as the owner contends, his claim rests on the City's improper preconditioning of the vehicle's release by its exaction of an impermissible demand—one that was not justified by the ordinance—and does not challenge the validity of any city law, the trial court's reliance on *McCracken* was misplaced and the provisions of the Act do not preclude his recovery of counsel fee in a possessory action such as this replevin suit.

The ordinance upon which the City relied in requiring the release of the vehicle is Chapter 34, Article XIX, Section 34–285, of the Oklahoma City Code, Revised 1970.[6] This ordinance addresses the requirements to be met by one seeking the release of an impounded vehicle. Subsection 5 of this enactment provides that the person who claims the vehicle must sign a "hold harmless agreement"—furnished by the police department—*to protect the City from any liability for releasing a vehicle to an unauthorized recipient.*

The owner refused to sign the release form[7] because of his objection to the following portion of the text:

"I, also hereby release the City of Oklahoma City, its agents, servants and employees *from any liability arising from the physical impoundment of my ve-*

ery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same. *The judgment rendered in favor of the prevailing party in such action may include a reasonable attorney fee to be set by the court, to be taxed and collected as costs."* [Emphasis added.]

6. The terms of Chapter 34, Article XIX, Section 34–285, of the Oklahoma City Code provide: "Section 34–285. Release of impounded vehicles.
(a) Oklahoma City Police Department authorized to release vehicles. The Chief of Police of the Oklahoma City Police Department or his designated representative is hereby authorized to release, upon satisfactory proof of interest, a vehicle impounded under this Chapter to such person presenting such proof of interest upon the following conditions:
(1) If the person seeking the release has a valid title or the vehicle is registered which registration can be verified by the Oklahoma Tax Commission, or any similar governmental entity that records and verifies the ownership of vehicles for any other state, and that the person surrenders his license or other proper identification.
(2) If the person has a bill of sale from a local automobile dealer which said bill of sale can be verified by telephone with the automobile dealer, and the person has a valid driver's license or other proper identification.
(3) If the person has an Insurance Verification Form and the vehicle identification number is on the card, and on the day of the attempted release the Oklahoma Tax Commission verifies that the registered owner is the person seeking release of the vehicle, and the person has a valid driver's license or other proper identification.
(4) If the registered owner is unable to present in person himself but instead sends the title or registration and a notarized statement describing the vehicle and giving the Oklahoma City Police Department the owner's permission to release the vehicle to the person presenting the title or registration and letter and that person has proper identification. The Oklahoma City Police Department shall keep on file the original letter.
(5) The person attempting to obtain the release must sign a hold harmless agreement releasing the City of Oklahoma City from any and all liability in releasing said vehicle. The Police Department shall provide the forms."

7. The City sets forth the pertinent terms of the form prepared by the police department as follows:
"AFFIDAVIT
I, _____, make the following declaration and swear or affirm that the same to be true and correct, and made voluntarily on my part: That I am the owner of the herein described vehicle and am entitled to possession thereof and that I have authorization from the owner thereof to take possession of said vehicle. That in consideration of the release of said vehicle to me by the City of Oklahoma City, I hereby promise to release the City of Oklahoma City, its agents, servants and employees from any liability arising from the wrongful, fraudulent, or unauthorized release of said vehicle to me. *I, also hereby release the City of Oklahoma City, its agents, servants and employees from any liability arising from the physical impoundment of my vehicle completed by a private wrecker service.*
RECEIVED: _____ DATE: _____
TIME: _____" [Emphasis added.]

*hicle completed by a private wrecker service."* [Emphasis added.] [8]

The owner was willing to exonerate the City *from any liability incident to misdelivery—i.é. for releasing the vehicle to an unauthorized person—but not from the additional requirement* which he asserts was arbitrarily imposed and is without any basis in the provisions of the cited ordinance.

■ At common law a replevin action tested only the defendant's right to possession of the property at the time the action was commenced. Our statutory replevin action, though founded upon a person's wrongful detention of another's personal property, is not one for settlement of a tort claim.[9] Rather, its gravamen is vindication of the plaintiff's *proprietary interest* in immediate possession.

■ The trial court's judgment for the vehicle's delivery to the owner established that the City had in fact *imposed an impermissible precondition* upon the release of an otherwise properly impounded and detained vehicle. The owner thus became the prevailing party in an action which focused *not on the lawfulness of the vehicle's original seizure but on the legal efficacy of a precondition placed by the City on the vehicle's release.* Unlike in *McCracken,* the City was not here called upon to respond for some conduct in the exercise of its legislative powers but only for impermissibly withholding possession by attaching to its relinquishment *a condition not warranted by the pertinent ordinance.* Under the admitted facts unfolded by the record and briefs before us, the owner's claim for an award of counsel fee as the prevailing party in a possessory action against a municipality was improper-

ly denied. There is here no impediment to his recovery. We hence hold that (a) the trial court erred in disallowing the owner's claim for a counsel fee award and costs and (b) that the trial court's judgment must be reversed and the cause remanded for further proceedings not inconsistent with this pronouncement.

REVERSED AND REMANDED.

DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., and WILSON, J., dissent.

---

8. *The record does not contain a copy of either the release form or the ordinance in question. Both parties cite to the ordinance in their briefs and quote from its pertinent provisions. These uncontroverted extra-judicial facts admitted in the briefs may be regarded as supplementing the appellate record. Timmons v. Royal Globe Ins. Co.,* Okl., 713 P.2d 589, 592 [1986] (footnote 10); *Norris v. Norris,* Okl., 695 P.2d 506, 507 [1984]; *Greenwood v. Lyles & Buckner, Inc.,* Okl., 329 P.2d 1063, 1067 [1958] and *Ramer v. State of Oklahoma ex rel. Ward,* Okl., 302 P.2d 139, 140 [1956].

9. *Humphrey v. Baker,* 71 Okl. 272, 176 P. 896, 897 [1918] and *Brook v. James A. Cullimore & Co.,* Okl., 436 P.2d 32, 34 [1967]; see also *Apgar v. Great American Indemnity Co.,* 171 Wash. 494, 18 P.2d 46, 47 [1933].

In *Rostykus v. Fidelity Finance Co.,* 203 Okl. 442, 223 P.2d 126, 128 [1950], the rule is pronounced that the gist of a replevin action is the claimant's right to immediate possession of the property based solely upon the strength of his own title. See *Carte-Caldwell v. Berryhill,* 188 Okl. 617, 112 P.2d 370, 371 [1941].